# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| JOSE ERNESTO ELIZONDO | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| vs. | § | Civil Action No. 5:16-cv-127 |
| | § | |
| STATE FARM LLOYDS | § | |
| AND DAVID RODRIGUEZ, | § | |
| | § | |
| **Defendants.** | § | **JURY REQUESTED** |

INDEX OF STATE COURT PAPERS
IN CAUSE NO. 2016CVF000955D3

1.   Civil Case Docket Sheet for the District Court, 341st Judicial District, Webb County, Texas

2.   Plaintiff's Original Petition

3.   Civil Case Information Sheet

4.   Civil Case – Calendar Call Setting

5.   Citation for State Farm Lloyds

6.   Citation for David Rodriguez

7.   Return and Affidavit of Service - State Farm Lloyds

8.   Correspondence dated May 23, 2016 requesting copy of state court file

9.   Original Answer and Request for Jury Trial by State Farm Lloyds

```
         W E B B   C O U N T Y   J U D I C I A L   S Y S T E M
                         CIVIL CASE DOCKETS
Webb County Courts - Live                              PAGE      1
DATE   5/24/16                                         MV0260
TIME   13:50:29                                        DCEJG
=================================================================
CASE NUMBER . . . . : 2016CVF000955 D3   CASE TYPE : F08  INSURANCE
PLAINTIFF . . . . . : ELIZONDO,JOSE,ERNESTO,
S.S.# . . . . . . . : 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  D.O.B. . . . . . :
ADDRESS . . . . . . :

DRIVER LICENSE #  . :

PLAINTIFFS ATTORNEY : SIGMAN,RENE,M,              PHONE NUMBER: 000-000-0000
ADDRESS . . . . . . : 3810 W ALABAMA STREET
                      HOUSTON                   TX   77027


   VS.

DEFENDANT NAME  . . : STATE FARM LLOYDS,,,
S.S.# . . . . . . . : 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  D.O.B. . . . . . :
ADDRESS . . . . . . : 211 E 7TH ST. STE 620
                      AUSTIN                    TX   78701
DRIVERS LICENSE # . :
CASE STATUS . . . . : Active      STATUS DATE . . . : 4/14/2016
CASE DISPOSITION  . :            DISPOSITION DATE  :

DEFENDANT NAME  . . : RODRIGUEZ,DAVID,,
S.S.# . . . . . . . : 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  D.O.B. . . . . . :
ADDRESS . . . . . . : 3014 FRANCISCAN DR APT 713
                      ARLINGTON                 TX   76015
DRIVERS LICENSE # . :
CASE STATUS . . . . : Active      STATUS DATE . . . : 4/14/2016
CASE DISPOSITION  . :            DISPOSITION DATE  :

ENTRY/FILING DATE . : 4/14/2016

JUDGE . . . . . . . : B.Palomo
HEARING TYPE  . . . :
ADMIN. TERM. CODE . :            IND. TERM. CODE . :

COMPLAINT . . . . . : *IMG* CONTRACT
COMPLAINT DATE  . . : 4/14/2016   COMPLAINT AMOUNT  :
INTEREST DATE . . . :            INTEREST RATE . . :
REIMBURSE COSTS . . : NO
COUNTER CLAIM ORI#  :            COUNTER CLAIM CASE:
TRUSTEESHIP ORI#  . :            TRUSTEESHIP CASE  :
GARNISHMENT ORI#  . :            GARNISHMENT CASE  :


ACTIVITY DATE  ACTIVITY DESCRIPTION                        ACTIVITY TYPE
-------------  ----------------------------------------    -------------
  4/14/2016    Case Status                                 CaseStatus
        Case Status entered as ACTV.
        Case Status ACTV: Active
        For STATE FARM LLOYDS
                Complaint                                  Complaint
     *IMG* CONTRACT
```

```
W E B B   C O U N T Y   J U D I C I A L   S Y S T E M
                    CIVIL CASE DOCKETS
Webb County Courts - Live                           PAGE      2
DATE    5/24/16                                     MV0260
TIME- 13:50:29                                      DCEJG

================================================================
CASE NUMBER . . . . : 2016CVF000955 D3   CASE TYPE :  F08  INSURANCE
            Jury Fee                                Jury Fee
     JURY DEMAND REQUESTED AND PAID BY ATTORNEY RENE SIGMAN. (GG)

 4/18/2016    Court Case Assignment                 Case Assgn
     Court date/time: 7/18/2016  13:30   Hearing Type:   17 Clndr Call
     Assignment of court date/time.
     Status entered as Open
            Hearing                                 Hearing
     *IMG* CALENDAR CALL TO ATTORNEY RENE SIGMAN. (GG)
            Issuance                                Issuance
     *IMG* 4 CITATIONS ISSUED AS TO STATE FARM LLOYDS AND HELD BY CLERK TO
     AWAIT A SELF ADDRESSED STAMPED ENVELOPE. (GG)

     **CITATIONS RELEASED ON 4/28/2016 IN FEDEX SELF ADDRESSED STAMPED
     ENVELOPE** (GG)

 5/13/2016    Returns                               Returns
     *IMG* CITATION RETURN EXECUTED AS STATE FARM LLOYDS. (DOS 5/5/16) SL

 5/24/2016    Filing Papers                         File Paprs
     *IMG* LETTER FROM JONES, ANDREWS, & ORTIZ DATED 5/23/16 (RE: REQUEST
     FOR COPIES).  EJG
```

Filed
4/14/2016 9:00:02 AM
Esther Degollado
District Clerk
Webb District
Gloria Noriega
2016CVF000955D3

CAUSE NO._____

| | | |
|---|---|---|
| JOSE ERNESTO ELIZONDO, | § | IN THE DISTRICT COURT OF |
| Plaintiff, | § | |
| | § | |
| v. | § | WEBB COUNTY, TEXAS |
| | § | |
| STATE FARM LLOYDS AND DAVID | § | |
| RODRIGUEZ, | § | |
| Defendants. | § | _____ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Jose Ernesto Elizondo ("Plaintiff"), and files this *Plaintiff's Original Petition*, complaining of State Farm Lloyds ("State Farm") and David Rodriguez ("Rodriguez") (to whom will be collectively referred as "Defendants"), and for cause of action, Plaintiff would respectfully show this Honorable Court the following:

### DISCOVERY CONTROL PLAN

1.  Plaintiff intends for discovery to be conducted under Level 3 of Rule 190 of the Texas Rules of Civil Procedure. This case involves complex issues and will require extensive discovery. Therefore, Plaintiff will ask the Court to order that discovery be conducted in accordance with a discovery control plan tailored to the particular circumstances of this suit.

### PARTIES

2.  Plaintiff Jose Ernesto Elizondo is an individual residing in Webb County, Texas.

3.  Defendant State Farm is an insurance company engaging in the business of insurance in the State of Texas. This defendant may be served with personal process, by a process

server, by serving its Attorney for Service:  Corporation Service Company, 211 E. 7th

St., Ste. 620, Austin, Texas 78701-3218.

4.    Defendant David Rodriguez is an individual residing in and domiciled in the State of

Texas.  This defendant may be served with personal process by a process server at his

place of residence at 3014 Franciscan Dr., Apt. 713, Arlington, Texas 76015.

## JURISDICTION

5.    The Court has jurisdiction over this cause of action because the amount in controversy is

within the jurisdictional limits of the Court.  Plaintiff is seeking monetary relief over

$200,000 but not more than $1,000,000.  Plaintiff reserves the right to amend his petition

during and/or after the discovery process.

6.    The Court has jurisdiction over Defendant State Farm because this defendant is a

domestic insurance company that engages in the business of insurance in the State of

Texas, and Plaintiff's causes of action arise out of this defendant's business activities in

the State of Texas.

7.    The Court has jurisdiction over Defendant Rodriguez because this defendant engages in

the business of adjusting insurance claims in the State of Texas, and Plaintiff's causes of

action arise out of this defendant's business activities in the State of Texas.

## VENUE

8.    Venue is proper in Webb County, Texas, because the insured property is situated in

Webb County, Texas.  TEX. CIV. PRAC. & REM. CODE §15.032.

## FACTS

9.  Plaintiff is the owner of a Texas Homeowners' Insurance Policy (hereinafter referred to as "the Policy"), which was issued by State Farm.

10. Plaintiff owns the insured property, which is specifically located at 2406 Old Spanish Trail, Laredo, Texas 78046, in Webb County (hereinafter referred to as "the Property").

11. State Farm sold the Policy insuring the Property to Plaintiff.

12. On or about May 9, 2014, a hail storm and/or windstorm struck Webb County, Texas, causing severe damage to homes and businesses throughout the area, including Plaintiff's residence ("the Storm"). Specifically, Plaintiff's roof sustained extensive damage during the storm. Water intrusion through the roof caused significant damage throughout the entire home including, but not limited to, the home's ceilings, walls, insulation, and flooring. Plaintiff's home also sustained substantial structural and exterior damage during the storm. For example, Plaintiff's fence suffered damages. After the storm, Plaintiff filed a claim with his insurance company, State Farm, for the damages to his home caused by the Storm.

13. Plaintiff submitted a claim to State Farm against the Policy for Other Structure Damage, Roof Damage, Structural Damage, Water Damage, and Wind Damage the Property sustained as a result of the Storm.

14. Plaintiff asked that State Farm cover the cost of repairs to the Property pursuant to the Policy, including but not limited to, repair and/or replacement of the roof and repair of the siding and interior water damages to the Property, pursuant to the Policy.

15. Defendant State Farm assigned Defendant Rodriguez as the individual adjuster on the claim. The adjuster assigned to Plaintiff's claim was improperly trained and failed to

perform a thorough investigation of Plaintiff's claim. On or about December 17, 2014, Rodriguez conducted a substandard inspection of Plaintiff's property. For example, Rodriguez spent a mere thirty-five (35) minutes inspecting Plaintiff's property for damages. The inadequacy of Rodriguez's inspection is further evidenced by his report, which failed to include all of Plaintiff's damages noted upon inspection. For example, Rodriguez omitted some of the interior damages from his report. Moreover, Rodriguez both underestimated and undervalued the cost of repairs to the damaged items that he did include in the estimate. Furthermore, Rodriguez's estimate underpriced the cost of materials required for necessary repairs. Ultimately, Rodriguez's estimate did not allow adequate funds to cover the cost of repairs to all the damages sustained. Rodriguez's inadequate investigation of the claim was relied upon by the other parties in this action and resulted in Plaintiff's claim being undervalued and underpaid.

16.     Together, State Farm and Rodriguez set about to deny and/or underpay on properly covered damages. As a result of this unreasonable investigation of the claim, including not providing full coverage for the damages sustained by Plaintiff, as well as under-scoping the damages during their investigation and thus denying adequate and sufficient payment to repair his home, the claim was improperly adjusted. The mishandling of Plaintiff's claim has also caused a delay in his ability to fully repair his home, which has resulted in additional damages. To this date, Plaintiff has yet to receive full payment under the insurance policy.

17.     As detailed in the paragraphs below, State Farm wrongfully denied Plaintiff's claim for repairs of the Property, even though the Policy provided coverage for losses such as those suffered by Plaintiff. Furthermore, State Farm underpaid some of Plaintiff's claims by

not providing full coverage for the damages sustained by Plaintiff, as well as under-scoping the damages during its investigation.

18. To date, State Farm continues to delay in the payment for the damages to the property. As such, Plaintiff has not been paid in full for the damages to his home.

19. Defendant State Farm failed to perform its contractual duties to adequately compensate Plaintiff under the terms of the Policy. Specifically, it refused to pay the full proceeds of the Policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged property, and all conditions precedent to recovery upon the Policy had been carried out and accomplished by Plaintiff. State Farm's conduct constitutes a breach of the insurance contract between State Farm and Plaintiff.

20. Defendants State Farm and Rodriguez misrepresented to Plaintiff that the damage to the Property was not covered under the Policy, even though the damage was caused by a covered occurrence. Defendants State Farm's and Rodriguez's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(1).

21. Defendants State Farm and Rodriguez failed to make an attempt to settle Plaintiff's claim in a fair manner, although they were aware of their liability to Plaintiff under the Policy. Defendants State Farm's and Rodriguez's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(2)(A).

22. Defendants State Farm and Rodriguez failed to explain to Plaintiff the reasons for their offer of an inadequate settlement. Specifically, Defendants State Farm and Rodriguez failed to offer Plaintiff adequate compensation, without any explanation why full payment was not being made. Furthermore, Defendants State Farm and Rodriguez did

not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the Policy, nor did they provide any explanation for the failure to adequately settle Plaintiff's claim. Defendants State Farm's and Rodriguez's conduct is a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(3).

23. Defendants State Farm and Rodriguez failed to affirm or deny coverage of Plaintiff's claim within a reasonable time. Specifically, Plaintiff did not receive timely indication of acceptance or rejection, regarding the full and entire claim, in writing from Defendants State Farm and Rodriguez. Defendants State Farm's and Rodriguez's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(4).

24. Defendants State Farm and Rodriguez refused to fully compensate Plaintiff, under the terms of the Policy, even though Defendants State Farm and Rodriguez failed to conduct a reasonable investigation. Specifically, Defendants State Farm and Rodriguez performed an outcome-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair, and inequitable evaluation of Plaintiff's losses on the Property. Defendants State Farm's and Rodriguez's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(7).

25. Defendant State Farm failed to meet its obligations under the Texas Insurance Code regarding timely acknowledging Plaintiff's claim, beginning an investigation of Plaintiff's claim, and requesting all information reasonably necessary to investigate Plaintiff's claim, within the statutorily mandated time of receiving notice of Plaintiff's

claim. State Farm's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.055.

26.     Defendant State Farm failed to accept or deny Plaintiff's full and entire claim within the statutorily mandated time of receiving all necessary information. State Farm's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.056.

27.     Defendant State Farm failed to meet its obligations under the Texas Insurance Code regarding payment of claim without delay. Specifically, it has delayed full payment of Plaintiff's claim longer than allowed and, to date, Plaintiff has not received full payment for his claim. State Farm's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.058.

28.     From and after the time Plaintiff's claim was presented to Defendant State Farm, the liability of State Farm to pay the full claim in accordance with the terms of the Policy was reasonably clear. However, State Farm has refused to pay Plaintiff in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied to deny the full payment. State Farm's conduct constitutes a breach of the common law duty of good faith and fair dealing.

29.     Defendants State Farm and Rodriguez knowingly or recklessly made false representations, as described above, as to material facts and/or knowingly concealed all or part of material information from Plaintiff.

30.     As a result of Defendants State Farm's and Rodriguez's wrongful acts and omissions, Plaintiff was forced to retain the professional services of the attorney and law firm who are representing him with respect to these causes of action.

31.  Plaintiff's experience is not an isolated case.  The acts and omissions State Farm committed in this case, or similar acts and omissions, occur with such frequency that they constitute a general business practice of State Farm with regard to handling these types of claims.  State Farm's entire process is unfairly designed to reach favorable outcomes for the company at the expense of the policyholders.

## CAUSES OF ACTION:

### CAUSES OF ACTION AGAINST RODRIGUEZ

#### NONCOMPLIANCE WITH TEXAS INSURANCE CODE:
#### UNFAIR SETTLEMENT PRACTICES

32.  Defendant State Farm assigned Defendant Rodriguez to adjust the claim.  Defendant Rodriguez was improperly trained to handle claims of this nature and performed an unreasonable investigation of Plaintiff's damages.  During the investigation, the adjuster failed to properly assess Plaintiff's hail storm and/or windstorm damages.  The adjuster also omitted covered damages from his reports, including many of Plaintiff's interior damages.  In addition, the damages that the adjuster did include in the estimate were severely underestimated.

33.  Defendant Rodriguez's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices.  TEX. INS. CODE §541.060(a).  All violations under this article are made actionable by TEX. INS. CODE §541.151.

34.  Defendant Rodriguez is individually liable for his unfair and deceptive acts, irrespective of the fact he was acting on behalf of State Farm, because he is a "person" as defined by TEX. INS. CODE §541.002(2).  The term "person" is defined as "any individual, corporation, association, partnership, reciprocal or interinsurance exchange, Lloyds plan, fraternal benefit society, or other legal entity engaged in the business of insurance,

including an agent, broker, *adjuster* or life and health insurance counselor." TEX. INS. CODE §541.002(2) (emphasis added).  (See also *Liberty Mutual Insurance Co. v. Garrison Contractors, Inc.*, 966 S.W.2d 482, 484 (Tex. 1998) (holding an insurance company employee to be a "person" for the purpose of bringing a cause of action against him or her under the Texas Insurance Code and subjecting him or her to individual liability)).

35.    Falsehoods and misrepresentations may be communicated by actions as well as by the spoken word; therefore, deceptive conduct is equivalent to a verbal representation. Defendant's misrepresentations by means of deceptive conduct include, but are not limited to: (1) failing to conduct a reasonable inspection and investigation of Plaintiff's damages; (2) stating that Plaintiff's damages were less severe than they in fact were; (3) using his own statements about the non-severity of the damage as a basis for denying properly covered damages and/or underpaying damages; and (4) failing to provide an adequate explanation for the inadequate compensation Plaintiff received.  Defendant Rodriguez's unfair settlement practice, as described above, of misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(1).

36.    Defendant Rodriguez's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though liability under the Policy is reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(2)(A).

37. Defendant Rodriguez failed to explain to Plaintiff the reasons for their offer of an inadequate settlement. Specifically, Defendant Rodriguez failed to offer Plaintiff adequate compensation without any explanation as to why full payment was not being made. Furthermore, Defendants did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the Policy, nor did they provide any explanation for the failure to adequately settle Plaintiff's claim. The unfair settlement practice of Defendant Rodriguez as described above, of failing to promptly provide Plaintiff with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for the offer of a compromise settlement of Plaintiff's claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(3).

38. Defendant Rodriguez's unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiff, or to submit a reservation of rights to Plaintiff, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(4).

39. Defendant Rodriguez did not properly inspect the Property and failed to account for and/or undervalued many of Plaintiff's exterior and interior damages, although reported by Plaintiff to State Farm. Defendant Rodriguez's unfair settlement practice, as described above, of refusing to pay Plaintiff's claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(7).

## CAUSES OF ACTION AGAINST ALL DEFENDANTS

40.  Plaintiff is not making any claims for relief under federal law.

### FRAUD

41.  Defendants State Farm and Rodriguez are liable to Plaintiff for common law fraud.

42.  Each and every one of the representations, as described above, concerned material facts for the reason that absent such representations, Plaintiff would not have acted as they did, and which Defendants State Farm and Rodriguez knew were false or made recklessly without any knowledge of their truth as a positive assertion.

43.  The statements were made with the intention that they should be acted upon by Plaintiff, who in turn acted in reliance upon the statements, thereby causing Plaintiff to suffer injury and constituting common law fraud.

### CONSPIRACY TO COMMIT FRAUD

44.  Defendants State Farm and Rodriguez are liable to Plaintiff for conspiracy to commit fraud. Defendants State Farm and Rodriguez were members of a combination of two or more persons whose object was to accomplish an unlawful purpose or a lawful purpose by unlawful means. In reaching a meeting of the minds regarding the course of action to be taken against Plaintiff, Defendants State Farm and Rodriguez committed an unlawful, overt act to further the object or course of action. Plaintiff suffered injury as a proximate result.

## CAUSES OF ACTION AGAINST STATE FARM ONLY

45.    Defendant State Farm is liable to Plaintiff for intentional breach of contract, as well as intentional violations of the Texas Insurance Code, and intentional breach of the common law duty of good faith and fair dealing.

### BREACH OF CONTRACT

46.    Defendant State Farm's conduct constitutes a breach of the insurance contract made between State Farm and Plaintiff.

47.    Defendant State Farm's failure and/or refusal, as described above, to pay the adequate compensation as it is obligated to do under the terms of the Policy in question, and under the laws of the State of Texas, constitutes a breach of State Farm's insurance contract with Plaintiff.

### NONCOMPLIANCE WITH TEXAS INSURANCE CODE: UNFAIR SETTLEMENT PRACTICES

48.    Defendant State Farm's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a).  All violations under this article are made actionable by TEX. INS. CODE §541.151.

49.    Defendant State Farm's unfair settlement practice, as described above, of misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(1).

50.    Defendant State Farm's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though State Farm's liability under the Policy was reasonably clear, constitutes an

unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(2)(A).

51. Defendant State Farm's unfair settlement practice, as described above, of failing to promptly provide Plaintiff with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for its offer of a compromise settlement of the claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(3).

52. Defendant State Farm's unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiff, or to submit a reservation of rights to Plaintiff, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(4).

53. Defendant State Farm's unfair settlement practice, as described above, of refusing to pay Plaintiff's claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(7).

### NONCOMPLIANCE WITH TEXAS INSURANCE CODE: THE PROMPT PAYMENT OF CLAIMS

54. Defendant State Farm's conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims. All violations made under this article are made actionable by TEX. INS. CODE §542.060.

55. Defendant State Farm's failure to acknowledge receipt of Plaintiff's claim, commence investigation of the claim, and request from Plaintiff all items, statements, and forms that it reasonably believed would be required within the applicable time constraints, as

Page 13

described above, constitutes a non-prompt payment of claims and a violation of TEX. INS. CODE §542.055.

56.    Defendant State Farm's failure to notify Plaintiff in writing of its acceptance or rejection of the claim within the applicable time constraints, constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.056.

57.    Defendant State Farm's delay of the payment of Plaintiff's claim following its receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided for, as described above, constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.058.

### ACTS CONSTITUTING ACTING AS AGENT

58.    As referenced and described above, and further conduct throughout this litigation and lawsuit, Rodriguez is an agent of State Farm based on his acts during the handling of this claim, including inspections, adjustments, and aiding in adjusting a loss for or on behalf of the insurer. TEX. INS. CODE §4001.051.

59.    Separately, and/or in the alternative, as referenced and described above, State Farm ratified the actions and conduct of Rodriguez including the completion of his duties under the common law and statutory law.

### BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

60.    Defendant State Farm's conduct constitutes a breach of the common law duty of good faith and fair dealing owed to insureds in insurance contracts.

61.    Defendant State Farm's failure, as described above, to adequately and reasonably investigate and evaluate Plaintiff's claim, although, at that time, State Farm knew or

should have known by the exercise of reasonable diligence that its liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

## KNOWLEDGE

62.    Each of the acts described above, together and singularly, was done "knowingly," as that term is used in the Texas Insurance Code, and was a producing cause of Plaintiff's damages described herein.

## DAMAGES

63.    Plaintiff would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained by Plaintiff.

64.    As previously mentioned, the damages caused by the Storm have not been properly addressed or repaired in the months since the storm, causing further damages to the Property, and causing undue hardship and burden to Plaintiff. These damages are a direct result of Defendants State Farm's and Rodriguez's mishandling of Plaintiff's claim in violation of the laws set forth above.

65.    For breach of contract, Plaintiff is entitled to regain the benefit of his bargain, which is the amount of his claim, together with attorney's fees.

66.    For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the policy, mental anguish, court costs, and attorney's fees. For knowing conduct of the acts described above, Plaintiff asks for three times his actual damages. TEX. INS. CODE §541.152.

67.    For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the amount of his claim, as well as eighteen (18) percent interest per annum on

the amount of such claim as damages, together with attorney's fees. TEX. INS. CODE §542.060.

68. For breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, exemplary damages, and damages for emotional distress.

69. For fraud, Plaintiff is entitled to recover actual damages and exemplary damages for knowingly fraudulent and malicious representations, along with attorney's fees, interest, and court costs.

70. For the prosecution and collection of this claim, Plaintiff has been compelled to engage the services of the attorney whose name is subscribed to this pleading. Therefore, Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorney in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

## JURY DEMAND

71. Plaintiff hereby requests that all causes of action alleged herein be tried before a jury consisting of citizens residing in Webb County, Texas. Plaintiff hereby tenders the appropriate jury fee.

## WRITTEN DISCOVERY

### REQUESTS FOR DISCLOSURE

72. *Plaintiff's Request for Disclosure to Defendant State Farm Lloyds* is attached as "Exhibit A." *Plaintiff's Request for Disclosure to Defendant David Rodriguez* is attached as "Exhibit A-1."

Page 16

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that upon trial hereof, said Plaintiff have and recover such sums as would reasonably and justly compensate him in accordance with the rules of law and procedure, as to actual damages, treble damages under the Texas Insurance Code, and all punitive and exemplary damages as may be found.  In addition, Plaintiff requests the award of attorney's fees for the trial and any appeal of this case, for all costs of Court on his behalf expended, for prejudgment and postjudgment interest as allowed by law, and for any other and further relief, either at law or in equity, to which he may show himself justly entitled.

Respectfully submitted,

MOSTYN LAW

_/s/ René M. Sigman_____
René M. Sigman
State Bar No. 24037492
rmsdocketefile@mostynlaw.com
J. Steve Mostyn
State Bar No. 00798389
rmsdocketefile@mostynlaw.com
3810 W. Alabama Street
Houston, Texas 77027
(713) 714-0000 (Office)
(713) 714-1111 (Facsimile)

**ATTORNEY FOR PLAINTIFF**

"EXHIBIT A"

CAUSE NO._____

| | | |
|---|---|---|
| JOSE ERNESTO ELIZONDO, | § | IN THE DISTRICT COURT OF |
|     Plaintiff, | § | |
| | § | |
| v. | § | WEBB COUNTY, TEXAS |
| | § | |
| STATE FARM LLOYDS AND DAVID | § | |
| RODRIGUEZ, | § | |
|     Defendants. | § | _____ JUDICIAL DISTRICT |

## PLAINTIFF'S REQUEST FOR DISCLOSURE TO DEFENDANT STATE FARM LLOYDS

TO:   DEFENDANT STATE FARM LLOYDS, by and through its Attorney for Service: Corporation Service Company, 211 E. 7th St., Ste. 620, Austin, Texas 78701-3218.

Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Plaintiff requests that the above-named Defendant, State Farm Lloyds (hereinafter referred to as "Defendant"), disclose, within fifty-one (51) days after the date of service of this request, the information or material described in Rule 194.2.

Respectfully submitted,

MOSTYN LAW

_/s/ René M. Sigman_____
René M. Sigman
State Bar No. 24037492
rmsdocketefile@mostynlaw.com
J. Steve Mostyn
State Bar No. 00798389
rmsdocketefile@mostynlaw.com
3810 W. Alabama Street
Houston, Texas 77027
(713) 714-0000 (Office)
(713) 714-1111 (Facsimile)

**ATTORNEY FOR PLAINTIFF**

"EXHIBIT A-1"

CAUSE NO._____

| | | |
|---|---|---|
| JOSE ERNESTO ELIZONDO, | § | IN THE DISTRICT COURT OF |
|     Plaintiff, | § | |
| | § | |
| v. | § | WEBB COUNTY, TEXAS |
| | § | |
| STATE FARM LLOYDS AND DAVID | § | |
| RODRIGUEZ, | § | |
|     Defendants. | § | _____JUDICIAL DISTRICT |

## PLAINTIFF'S REQUEST FOR DISCLOSURE TO DEFENDANT
## DAVID RODRIGUEZ

TO:   DEFENDANT DAVID RODRIGUEZ, at 3014 Franciscan Dr., Apt. 713, Arlington, Texas 76015.

    Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Plaintiff requests that the above-named Defendant, David Rodriguez (hereinafter referred to as "Defendant"), disclose, within fifty-one (51) days after the date of service of this request, the information or material described in Rule 194.2.

                   Respectfully submitted,

                   MOSTYN LAW

                   */s/ René M. Sigman*
                   René M. Sigman
                   State Bar No. 24037492
                   rmsdocketefile@mostynlaw.com
                   J. Steve Mostyn
                   State Bar No. 00798389
                   rmsdocketefile@mostynlaw.com
                   3810 W. Alabama Street
                   Houston, Texas 77027
                   (713) 714-0000 (Office)
                   (713) 714-1111 (Facsimile)

**ATTORNEY FOR PLAINTIFF**

# CIVIL CASE INFORMATION SHEET

Filed
4/14/2016 9:00:02 AM
Esther Degollado
District Clerk
Webb District
2016CV000955D3

CAUSE NUMBER *(FOR CLERK USE ONLY):* _____   COURT *(FOR CLERK USE ONLY):* _____

JOSE ERNESTO ELIZONDO V. STATE FARM LLOYDS AND DAVID RODRIGUEZ

(e.g., John Smith v. All American Insurance Co; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment motion for modification or enforcement is filed in a family law case. The information should be the best available at the time of filing.

| 1. Contact information for person completing case information sheet: | | Names of parties in case: | Person or entity completing sheet is: |
|---|---|---|---|
| Name:<br>René M. Sigman | Email:<br>rmsdocketefile@mostynlaw.com | Plaintiff(s)/Petitioner(s):<br><br>Jose Ernesto Elizondo | ☒Attorney for Plaintiff/Petitioner<br>☐Pro Se Plaintiff/Petitioner<br>☐Title IV-D Agency<br>☐Other: |
| Address:<br>3810 West Alabama Street | Telephone:<br>(713) 714-0000 | Defendant(s)/Respondent(s):<br><br>State Farm Lloyds<br>David Rodriguez | Additional Parties in Child Support Case:<br><br>Custodial Parent: |
| City/State/Zip:<br>Houston, Texas 77027 | Fax:<br>(713) 714-1111 | | Non-Custodial Parent: |
| Signature:<br><br>/s/ René M. Sigman | State Bar No:<br>24037492 | [Attach additional page as necessary to list all parties] | Presumed Father: |

**2. Indicate case type, or identify the most important issue in the case** *(select only 1):*

| Civil | | | Family Law | |
|---|---|---|---|---|
| | | | | Post-judgment Actions<br>(non-Title IV-D) |
| **Contract** | **Injury or Damage** | **Real Property** | **Marriage Relationship** | ☐Enforcement |
| *Debt/Contract* | ☐Assault/Battery | ☐Eminent Domain/ | ☐Annulment | ☐Modification—Custody |
| ☐Consumer/DTPA | ☐Construction | Condemnation | ☐Declare Marriage Void | ☐Modification—Other |
| ☐Debt/Contract | ☐Defamation | ☐Partition | *Divorce* | **Title IV-D** |
| ☐Fraud/Misrepresentation | *Malpractice* | ☐Quiet Title | ☐With Children | ☐Enforcement/Modification |
| ☐Other Debt/Contract: | ☐Accounting | ☐Trespass to Try Title | ☐No Children | ☐Paternity |
| | ☐Legal | ☐Other Property: | | ☐Reciprocals (UIFSA) |
| *Foreclosure* | ☐Medical | | | ☐Support Order |
| ☐Home Equity—Expedited | ☐Other Professional | | | |
| ☐Other Foreclosure | Liability: | **Related to Criminal** | | |
| ☐Franchise | ☐Motor Vehicle Accident | **Matters** | **Other Family Law** | **Parent-Child Relationship** |
| ☒Insurance | ☐Premises | ☐Expunction | ☐Enforce Foreign | ☐Adoption/Adoption with |
| ☐Landlord/Tenant | *Product Liability* | ☐Judgment Nisi | Judgment | Termination |
| ☐Non-Competition | ☐Asbestos/Silica | ☐Non-Disclosure | ☐Habeas Corpus | ☐Child Protection |
| ☐Partnership | ☐Other Product Liability | ☐Seizure/Forfeiture | ☐Name Change | ☐Child Support |
| ☐Other Contract: | List Product: | ☐Writ of Habeas Corpus— | ☐Protective Order | ☐Custody or Visitation |
| | | Pre-indictment | ☐Removal of Disabilities | ☐Gestational Parenting |
| | ☐Other Injury or Damage: | ☐Other: | of Minority | ☐Grandparent Access |
| | | | ☐Other: | ☐Paternity/Parentage |
| | | | | ☐Termination of Parental |
| **Employment** | **Other Civil** | | | Rights |
| ☐Discrimination | ☐Administrative Appeal | ☐Lawyer Discipline | | ☐Other Parent-Child: |
| ☐Retaliation | ☐Antitrust/Unfair | ☐Perpetuate Testimony | | |
| ☐Termination | Competition | ☐Securities/Stock | | |
| ☐Workers' Compensation | ☐Code Violations | ☐Tortious Interference | | |
| ☐Other Employment: | ☐Foreign Judgment | ☐Other: | | |
| | ☐Intellectual Property | | | |

| Tax | | Probate & Mental Health | |
|---|---|---|---|
| ☐Tax Appraisal | *Probate/Wills/Intestate Administration* | ☐Guardianship—Adult | |
| ☐Tax Delinquency | ☐Dependent Administration | ☐Guardianship—Minor | |
| ☐Other Tax | ☐Independent Administration | ☐Mental Health | |
| | ☐Other Estate Proceedings | ☐Other: | |

**3. Indicate procedure or remedy, if applicable** *(may select more than 1):*

| | | |
|---|---|---|
| ☐Appeal from Municipal or Justice Court | ☐Declaratory Judgment | ☐Prejudgment Remedy |
| ☐Arbitration-related | ☐Garnishment | ☐Protective Order |
| ☐Attachment | ☐Interpleader | ☐Receiver |
| ☐Bill of Review | ☐License | ☐Sequestration |
| ☐Certiorari | ☐Mandamus | ☐Temporary Restraining Order/Injunction |
| ☐Class Action | ☐Post-judgment | ☐Turnover |

**4. Indicate damages sought** *(do not select if it is a family law case):*

☐Less than $100,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees
☐Less than $100,000 and non-monetary relief
☐Over $100,000 but no more than $200,000
☒Over $200,000 but no more than $1,000,000
☐Over $1,000,000



**HONORABLE BECKIE PALOMO**

State District Court Judge

341st JUDICIAL DISTRICT OF TEXAS
WEBB COUNTY JUSTICE CENTER
1110 Victoria Street, Suite 302
Laredo, Texas 78040-4439

## CIVIL CASE – CALENDAR CALL SETTINGS

RE: CAUSE NO:   2016CVF000955 D3

STYLE:   JOSE ERNESTO ELIZONDO

VS

STATE FARM LLOYDS AND DAVID RODRIGUEZ

NOTICE that this case IS SET FOR CALENDAR CALL on ___07/18/2016___,
at 1:30 PM at the 341st District Courtroom, 3rd Floor, Webb County Justice Center.

Calendar Call hearings will be in open Court and on the record before JUDGE BECKIE PALOMO.
Your presence is MANDATORY unless Counsel for Plaintiff(s) file a Joint Pre-Trial Guideline Order
(PTGO) with all counsels signatures on the PTGO.

You may download the PTGO at our website:
http://www.webbcountytx.gov/DC341st/Links/civ_Jury%20PTGO.pdf

Counsel for Plaintiff(s): if you do not appear for calendar call, your case may be dismissed for lack of
prosecution.

Counsel for Defendant(s): if you do not appear for calendar call, a pre-trial guideline order may be
entered with or without your approval and/or signature.

Call the court for jury selection dates and pre-trial hearing dates. Keep in mind jury selection must be set
within the timeframes recommended by the Texas Supreme Court.

If there are any questions regarding this matter please feel free to call the court at the number below.

Magdalena Martinez
Civil Court Coordinator
(956)523-4328

DC:

```
** Transmit Confirmation Report **
```

P.1                                    Apr 19 2016 01:44pm
WEBB CO DISTRICT CLERK Fax:956-523-5121

| Name/Fax No. | Mode | Start | Time | Page | Result | Note |
|---|---|---|---|---|---|---|
| 917137141111 | Fine | 19.01:43pm | 0'45" | 1 | O K | |



**HONORABLE BECKIE PALOMO**
State District Court Judge
341st JUDICIAL DISTRICT OF TEXAS
WEBB COUNTY JUSTICE CENTER
1110 Victoria Street, Suite 302
Laredo, Texas 78040-4439

CIVIL CASE — CALENDAR CALL SETTINGS

RE: CAUSE NO: 2016CVR000955 D3

STYLE: JOSE ERNESTO ELIZONDO

VS

STATE FARM LLOYDS AND DAVID RODRIGUEZ

NOTICE that this case IS SET FOR CALENDAR CALL on ___07/18/2016___,
at 1:30 PM at the 341st District Courtroom, 3rd Floor, Webb County Justice Center.

Calendar Call hearings will be in open Court and on the record before JUDGE BECKIE PALOMO.
Your presence is MANDATORY unless Counsel for Plaintiff(s) file a Joint Pre-Trial Guideline Order
(PTGO) with all counsels signatures on the PTGO.

You may download the PTGO at our website:
http://www.webbcountytx.gov/DC341st/Links/civ_jury%20PTGO.pdf

Counsel for Plaintiff(s): if you do not appear for calendar call, your case may be dismissed for lack of
prosecution.

Counsel for Defendant(s): if you do not appear for calendar call, a pre-trial guideline order may be
entered with or without your approval and/or signature.

Call the court for jury selection dates and pre-trial hearing dates. Keep in mind jury selection must be set
within the timeframes recommended by the Texas Supreme Court.

If there are any questions regarding this matter please feel free to call the court at the number below.

*Magdalena Martinez*
Magdalena Martinez
Civil Court Coordinator
(956)523-4328

SERVE
2016CVF000955 D3

## CITATION

THE STATE OF TEXAS
COUNTY OF WEBB

NOTICE TO THE DEFENDANT: "YOU HAVE BEEN SUED. YOU MAY EMPLOY AN ATTORNEY.
IF YOU OR YOUR ATTORNEY DO NOT FILE A WRITTEN ANSWER WITH THE CLERK WHO
ISSUED THIS CITATION BY 10:00 A.M. ON THE MONDAY NEXT FOLLOWING THE EXPIRATION
OF TWENTY DAYS AFTER YOU WERE SERVED THIS CITATION AND PETITION, A DEFAULT
JUDGMENT MAY BE TAKEN AGAINST YOU."

TO:   STATE FARM LLOYDS
      BY SERVING ITS ATTORNEY FOR SERVICE: CORPORATION SERVICE COMPANY
      211 E. 7TH ST. STE 620
      AUSTIN,   TX 78701-3218

DEFENDANT, IN THE HEREINAFTER STYLED AND NUMBERED CAUSE, YOU ARE HEREBY
COMMANDED TO APPEAR BEFORE THE 341ST DISTRICT COURT of Webb County, Texas,
to be held at the said courthouse of said county in the city of Laredo, Webb
County, Texas, by filing a written answer to the Petition of Plaintiff at or
before 10:00 O'CLOCK A.M. of the Monday next after the expiration of 20 days
after the date of service thereof, a copy of which accompanies this citation,
in the Cause #: 2016CVF000955 D3 , styled:
      JOSE ERNESTO ELIZONDO, PLAINTIFF
      VS.
      STATE FARM LLOYDS AND DAVID RODRIGUEZ, DEFENDANT
Said Plaintiff's Petition was filed on 04/14/2016 in said court by:
      RENE M SIGMAN, ATTORNEY FOR PLAINTIFF
      3810 W ALABAMA STREET
      HOUSTON,   TX 77027

WITNESS ESTHER DEGOLLADO, DISTRICT CLERK OF WEBB COUNTY, TEXAS, Issued
and given under my hand and seal of said court at office, this 18 day
of April, 2016.

### C L E R K   O F   C O U R T

ESTHER DEGOLLADO
WEBB COUNTY DISTRICT CLERK
P.O. BOX 667
LAREDO, TX 78042

CALENDAR CALL COURT DATE:
07/18/2016 AT 1:30P.M.

BY:  _____
     GLORIA G. NORIEGA

2016CVF000955 D3

## OFFICER'S RETURN

Came to hand on the _____ day of _____, 2016 at

_____ O'CLOCK _____.M. Executed at _____,

within the COUNTY of _____ at _____ O'CLOCK _____.M. on

the _____ day of _____, 2016, by delivering to the within
named **STATE FARM LLOYDS**, each, in person, a true copy of this citation
together with the accompanying copy of the petition, having first
attached such copy of such petition to such copy of citation and
endorsed on such copy of citation the date of delivery.

The distance actually traveled by me in serving such process was
_____ miles, and my fees are as follows:

Total Fee for serving this citation    $ _____.

To certify which, witness my hand officially.


                                    _____
                                    SHERIFF, CONSTABLE

                                    _____ COUNTY, TEXAS

                                    BY _____
                                                            DEPUTY

**THE STATE OF TEXAS }**
**COUNTY OF WEBB     }**

Before me, the undersigned authority, on this day personally
appeared _____, who after being duly sworn,
upon oath said that a notice, of which the above is a true copy, was
by him/her delivered to _____
on the _____ day of _____,' _____.

SWORN TO AND SUBSCRIBED BEFORE ME on the _____ day of _____,
_____, to certify which witness my hand and seal of office.


                                    _____
                                                    NOTARY PUBLIC
                        MY COMMISSION EXPIRES _____

RETURN

2016CVF000955 D3

## CITATION

THE STATE OF TEXAS

COUNTY OF WEBB

NOTICE TO THE DEFENDANT: "YOU HAVE BEEN SUED. YOU MAY EMPLOY AN ATTORNEY. IF YOU OR YOUR ATTORNEY DO NOT FILE A WRITTEN ANSWER WITH THE CLERK WHO ISSUED THIS CITATION BY 10:00 A.M. ON THE MONDAY NEXT FOLLOWING THE EXPIRATION OF TWENTY DAYS AFTER YOU WERE SERVED THIS CITATION AND PETITION, A DEFAULT JUDGMENT MAY BE TAKEN AGAINST YOU."

TO:   STATE FARM LLOYDS
      BY SERVING ITS ATTORNEY FOR SERVICE: CORPORATION SERVICE COMPANY
      211 E. 7TH ST. STE 620
      AUSTIN,   TX 78701-3218

DEFENDANT, IN THE HEREINAFTER STYLED AND NUMBERED CAUSE, YOU ARE HEREBY COMMANDED TO APPEAR BEFORE THE 341ST DISTRICT COURT of Webb County, Texas, to be held at the said courthouse of said county in the city of Laredo, Webb County, Texas, by filing a written answer to the Petition of Plaintiff at or before 10:00 O'CLOCK A.M. of the Monday next after the expiration of 20 days after the date of service thereof, a copy of which accompanies this citation, in the Cause #: 2016CVF000955 D3 , styled:

      JOSE ERNESTO ELIZONDO, PLAINTIFF
      VS.
      STATE FARM LLOYDS AND DAVID RODRIGUEZ, DEFENDANT
Said Plaintiff's Petition was filed on 04/14/2016 in said court by:
      RENE M SIGMAN, ATTORNEY FOR PLAINTIFF
      3810 W ALABAMA STREET
      HOUSTON,   TX 77027

WITNESS ESTHER DEGOLLADO, DISTRICT CLERK OF WEBB COUNTY, TEXAS, Issued and given under my hand and seal of said court at office, this 18 day of April, 2016.

C L E R K   O F   C O U R T

ESTHER DEGOLLADO
WEBB COUNTY DISTRICT CLERK
P.O. BOX 667
LAREDO, TX 78042

CALENDAR CALL COURT DATE:
07/18/2016 AT 1:30P.M.

BY: _____
      GLORIA G. NORTEGA                    DEPUTY

2016CVF000955 D3

## OFFICER'S RETURN

Came to hand on the _____ day of _____, 2016 at

_____ O'CLOCK _____.M. Executed at _____,

within the COUNTY of _____ at _____ O'CLOCK _____.M. on

the _____ day of _____, 2016, by delivering to the within
named **STATE FARM LLOYDS**, each, in person, a true copy of this citation
together with the accompanying copy of the petition, having first
attached such copy of such petition to such copy of citation and
endorsed on such copy of citation the date of delivery.

The distance actually traveled by me in serving such process was
_____ miles, and my fees are as follows:

Total Fee for serving this citation  $ _____.

To certify which, witness my hand officially.


_____

SHERIFF, CONSTABLE

_____ COUNTY, TEXAS


BY _____

                              DEPUTY


THE STATE OF TEXAS }
COUNTY OF WEBB      }

Before me, the undersigned authority, on this day personally
appeared _____, who after being duly sworn,
upon oath said that a notice, of which the above is a true copy, was
by him/her delivered to _____
on the _____ day of _____, _____.

SWORN TO AND SUBSCRIBED BEFORE ME on the _____ day of _____,
_____, to certify which witness my hand and seal of office.


_____

                           NOTARY PUBLIC

MY COMMISSION EXPIRES _____

SERVE
2016CVF000955 D3

## CITATION

THE STATE OF TEXAS
COUNTY OF WEBB

NOTICE TO THE DEFENDANT: "YOU HAVE BEEN SUED. YOU MAY EMPLOY AN ATTORNEY. IF YOU OR YOUR ATTORNEY DO NOT FILE A WRITTEN ANSWER WITH THE CLERK WHO ISSUED THIS CITATION BY 10:00 A.M. ON THE MONDAY NEXT FOLLOWING THE EXPIRATION OF TWENTY DAYS AFTER YOU WERE SERVED THIS CITATION AND PETITION, A DEFAULT JUDGMENT MAY BE TAKEN AGAINST YOU."

TO: DAVID RODRIGUEZ
    3014 FRANCISCAN DR APT 713
    ARLINGTON, TEXAS  76015

DEFENDANT, IN THE HEREINAFTER STYLED AND NUMBERED CAUSE, YOU ARE HEREBY COMMANDED TO APPEAR BEFORE THE 341ST DISTRICT COURT of Webb County, Texas, to be held at the said courthouse of said county in the city of Laredo, Webb County, Texas, by filing a written answer to the Petition of Plaintiff at or before 10:00 O'CLOCK A.M. of the Monday next after the expiration of 20 days after the date of service thereof, a copy of which accompanies this citation, in the Cause #: 2016CVF000955 D3 , styled:
    JOSE ERNESTO ELIZONDO, PLAINTIFF
    VS.
    STATE FARM LLOYDS AND DAVID RODRIGUEZ, DEFENDANT
Said Plaintiff's Petition was filed on 04/14/2016 in said court by:
    RENE M SIGMAN, ATTORNEY FOR PLAINTIFF
    3810 W ALABAMA STREET
    HOUSTON,  TX 77027

WITNESS ESTHER DEGOLLADO, DISTRICT CLERK OF WEBB COUNTY, TEXAS, Issued and given under my hand and seal of said court at office, this 18 day of April, 2016.

## C L E R K    O F    C O U R T

CALENDAR CALL COURT DATE:
07/18/2016 AT 1:30P.M.

ESTHER DEGOLLADO
WEBB COUNTY DISTRICT CLERK
P.O. BOX 667
LAREDO, TX 78042

BY: _____  DEPUTY
     GLORIA G. NORIEGA

2016CVF000955 D3

### OFFICER'S RETURN

Came to hand on the _____ day of _____, 2016 at

_____ O'CLOCK _____.M. Executed at _____,

within the COUNTY of _____ at _____ O'CLOCK ____.M. on

the _____ day of _____, 2016, by delivering to the within
named **DAVID RODRIGUEZ**, each, in person, a true copy of this citation
together with the accompanying copy of the petition, having first
attached such copy of such petition to such copy of citation and
endorsed on such copy of citation the date of delivery.

The distance actually traveled by me in serving such process was
_____ miles, and my fees are as follows:

Total Fee for serving this citation    $ _____.

To certify which, witness my hand officially.


_____

SHERIFF, CONSTABLE

_____ COUNTY, TEXAS

BY _____

DEPUTY


THE STATE OF TEXAS }
COUNTY OF WEBB     }

Before me, the undersigned authority, on this day personally
appeared _____, who after being duly sworn,
upon oath said that a notice, of which the above is a true copy, was
by him/her delivered to _____
on the _____ day of _____, _____.

SWORN TO AND SUBSCRIBED BEFORE ME on the _____ day of _____,
_____, to certify which witness my hand and seal of office.


_____

NOTARY PUBLIC

MY COMMISSION EXPIRES _____

RETURN
2016CVF000955 D3

## CITATION

THE STATE OF TEXAS
COUNTY OF WEBB

NOTICE TO THE DEFENDANT: "YOU HAVE BEEN SUED. YOU MAY EMPLOY AN ATTORNEY. IF YOU OR YOUR ATTORNEY DO NOT FILE A WRITTEN ANSWER WITH THE CLERK WHO ISSUED THIS CITATION BY 10:00 A.M. ON THE MONDAY NEXT FOLLOWING THE EXPIRATION OF TWENTY DAYS AFTER YOU WERE SERVED THIS CITATION AND PETITION, A DEFAULT JUDGMENT MAY BE TAKEN AGAINST YOU."

TO:   DAVID RODRIGUEZ
      3014 FRANCISCAN DR APT 713
      ARLINGTON, TEXAS  76015

DEFENDANT, IN THE HEREINAFTER STYLED AND NUMBERED CAUSE, YOU ARE HEREBY COMMANDED TO APPEAR BEFORE THE 341ST DISTRICT COURT of Webb County, Texas, to be held at the said courthouse of said county in the city of Laredo, Webb County, Texas, by filing a written answer to the Petition of Plaintiff at or before 10:00 O'CLOCK A.M. of the Monday next after the expiration of 20 days after the date of service thereof, a copy of which accompanies this citation, in the Cause #: 2016CVF000955 D3 , styled:
      JOSE ERNESTO ELIZONDO, PLAINTIFF
      VS.
      STATE FARM LLOYDS AND DAVID RODRIGUEZ, DEFENDANT
Said Plaintiff's Petition was filed on 04/14/2016 in said court by:
      RENE M SIGMAN, ATTORNEY FOR PLAINTIFF
      3810 W ALABAMA STREET
      HOUSTON,  TX 77027

WITNESS ESTHER DEGOLLADO, DISTRICT CLERK OF WEBB COUNTY, TEXAS, Issued and given under my hand and seal of said court at office, this 18 day of April, 2016.

       C  L  E  R  K     O  F     C  O  U  R  T

CALENDAR CALL COURT DATE:
07/18/2016 AT 1:30P.M.

ESTHER DEGOLLADO
WEBB COUNTY DISTRICT CLERK
P.O. BOX 667
LAREDO, TX 78042

BY: _____
      GLORIA G. NORIEGA

2016CVF000955 D3

## OFFICER'S RETURN

Came to hand on the _____ day of _____, 2016 at

_____ O'CLOCK _____.M. Executed at _____'

within the COUNTY of _____ at _____ O'CLOCK _____.M. on

the _____ day of _____, 2016, by delivering to the within
named **DAVID RODRIGUEZ**, each, in person, a true copy of this citation
together with the accompanying copy of the petition, having first
attached such copy of such petition to such copy of citation and
endorsed on such copy of citation the date of delivery.

The distance actually traveled by me in serving such process was
_____ miles, and my fees are as follows:

Total Fee for serving this citation    $ _____.

To certify which, witness my hand officially.

_____

SHERIFF, CONSTABLE

_____ COUNTY, TEXAS

BY _____

DEPUTY

**THE STATE OF TEXAS }**
**COUNTY OF WEBB    }**

Before me, the undersigned authority, on this day personally
appeared _____, who after being duly sworn,
upon oath said that a notice, of which the above is a true copy, was
by him/her delivered to _____
on the _____ day of _____, _____.

SWORN TO AND SUBSCRIBED BEFORE ME on the _____ day of _____,
_____, to certify which witness my hand and seal of office.

_____

NOTARY PUBLIC

MY COMMISSION EXPIRES _____

05.141360

Filed
5/13/2016 4:45:10 PM
Esther Degollado
District Clerk
Webb District
RETURN Sara Lopez
2016CVF000955 D3 2016CVF000955D3

## CITATION

THE STATE OF TEXAS
COUNTY OF WEBB

ORIGINAL

NOTICE TO THE DEFENDANT: "YOU HAVE BEEN SUED. YOU MAY EMPLOY AN ATTORNEY. IF YOU OR YOUR ATTORNEY DO NOT FILE A WRITTEN ANSWER WITH THE CLERK WHO ISSUED THIS CITATION BY 10:00 A.M. ON THE MONDAY NEXT FOLLOWING THE EXPIRATION OF TWENTY DAYS AFTER YOU WERE SERVED THIS CITATION AND PETITION, A DEFAULT JUDGMENT MAY BE TAKEN AGAINST YOU."

TO:  STATE FARM LLOYDS
     BY SERVING ITS ATTORNEY FOR SERVICE: CORPORATION SERVICE COMPANY
     211 E. 7TH ST. STE 620
     AUSTIN,   TX 78701-3218

DEFENDANT, IN THE HEREINAFTER STYLED AND NUMBERED CAUSE, YOU ARE HEREBY COMMANDED TO APPEAR BEFORE THE 341ST DISTRICT COURT of Webb County, Texas, to be held at the said courthouse of said county in the city of Laredo, Webb County, Texas, by filing a written answer to the Petition of Plaintiff at or before 10:00 O'CLOCK A.M. of the Monday next after the expiration of 20 days after the date of service thereof, a copy of which accompanies this citation, in the Cause #: 2016CVF000955 D3 , styled:
     JOSE ERNESTO ELIZONDO, PLAINTIFF
     VS.
     STATE FARM LLOYDS AND DAVID RODRIGUEZ, DEFENDANT
Said Plaintiff's Petition was filed on 04/14/2016 in said court by:
     RENE M SIGMAN, ATTORNEY FOR PLAINTIFF
     3810 W ALABAMA STREET
     HOUSTON,   TX 77027

WITNESS ESTHER DEGOLLADO, DISTRICT CLERK OF WEBB COUNTY, TEXAS, Issued and given under my hand and seal of said court at office, this 18 day of April, 2016.

### C  L  E  R  K     O  F     C  O  U  R  T

CALENDAR CALL COURT DATE:
07/18/2016 AT 1:30P.M.

ESTHER DEGOLLADO
WEBB COUNTY DISTRICT CLERK
P.O. BOX 667
LAREDO, TX 78042

BY: _____  DEPUTY
     GLORIA G NORIEGA

2016CVF000955 D3

### OFFICER'S RETURN

Came to hand on the _____ day of _____, 2016 at

_____ O'CLOCK _____.M. Executed at _____,

within the COUNTY of _____ at _____ O'CLOCK _____.M. on

the _____ day of _____, 2016, by delivering to the within named **STATE FARM LLOYDS**, each, in person, a true copy of this citation together with the accompanying copy of the petition, having first attached such copy of such petition to such copy of citation and endorsed on such copy of citation the date of delivery.

The distance actually traveled by me in serving such process was _____ miles, and my fees are as follows:

Total Fee for serving this citation   $ _____.

To certify which, witness my hand officially.

_____
SHERIFF, CONSTABLE

_____ COUNTY, TEXAS

BY _____
DEPUTY

**THE STATE OF TEXAS }**
**COUNTY OF WEBB      }**

Before me, the undersigned authority, on this day personally appeared _____, who after being duly sworn, upon oath said that a notice, of which the above is a true copy, was by him/her delivered to _____
on the _____ day of _____, _____.

SWORN TO AND SUBSCRIBED BEFORE ME on the _____ day of _____, _____, to certify which witness my hand and seal of office.

_____
NOTARY PUBLIC
MY COMMISSION EXPIRES _____

## CAUSE NO. 2016CVF000955D3

JOSE ERNESTO ELIZONDO
VS.

STATE FARM LLOYDS AND DAVID
RODRIGUEZ

IN THE 341ST JUDICIAL DISTRICT COURT OF WEBB COUNTY, TEXAS

### AFFIDAVIT OF SERVICE

BEFORE ME, the undersigned authority, _Barbara C. Stinnett_ (SERVER), personally appeared on this day and stated under oath as follows:

1. My name is _Barbara C. Stinnett_ (SERVER). I am over the age of eighteen (18), I am not a party to this case, and have no interest in its outcome. I am in all ways competent to make this affidavit and this affidavit is based on personal knowledge. The facts stated herein are true and correct. My business address is: _P.O. Box 684627, Austin TX 78768_
(SERVER'S ADDRESS)

2. ON _05/05/16_ (DATE) AT _10 : 04_ (_A_) M (TIME)
CITATION, PLAINTIFF'S ORIGINAL PETITION EXHIBIT A, EXHIBIT A-1 came to hand for delivery to STATE FARM LLOYDS BY SERVING ITS ATTORNEY FOR SERVICE: CORPORATION SERVICE COMPANY .

3. ON _05/05/16_ (DATE) AT _11 : 07_ (_A_) M (TIME) - The above named documents were delivered to: STATE FARM LLOYDS BY SERVING ITS ATTORNEY FOR SERVICE: CORPORATION SERVICE COMPANY by delivering to

_Sue Vertrees - designated Agent_
(NAME AND TITLE), authorized agent for service @
_211 E. 7th Street, Suite 620, Austin TX 78701_
(ADDRESS), by CORPORATE Service

_Barbara C. Stinnett_
SIGNATURE
SCH# _1181_   EXPIRATION: _07/31/17_

_BARBARA C. Stinnett_
AFFIANT PRINTED NAME

SWORN TO AND SUBSCRIBED before me by _Barbara C. Stinnett_ appeared on this _05_ day of _May_
2016 to attest witness my hand and seal of office.

NOTARY PUBLIC IN AND
FOR THE STATE OF TEXAS

2016.05.141360

HARRISON STINNETT
MY COMMISSION EXPIRES
July 8, 2016

# JONES, ANDREWS & ORTIZ

ATTORNEYS AT LAW
A PROFESSIONAL CORPORATION
10100 REUNION PLACE, SUITE 600
SAN ANTONIO, TEXAS 78216

TELEPHONE 210/344-3900        TELECOPY 210/366-4301

WRITER'S DIRECT DIAL NUMBER/
E-MAIL ADDRESS:
210/ 308-4654
*robin@jao-law.com*

May 23, 2016

Ms. Magdalena Martinez                                *Via Lone Star Overnight*
341ˢᵗ Judicial District Court
1110 Victoria Street, Suite 302
Laredo, Texas   78040

      RE:      2016CVF000955D3; *Jose Ernesto Elizondo, et al. v. SF Lloyds, et al.*; In the 341ˢᵗ
                 Judicial District of Webb County, Texas

Dear Ms. Martinez:

      Pursuant to my telephone conference with the District Clerk's office, please allow this as my formal request for copies of the State Court's **entire file, including the Court's Docket Sheet**. Please find attached check number 42567 in the amount of $34.00 for the cost of the certified copies.

      Please have the copies ready for pick-up by **Tuesday, May 24, at 1:00 p.m.**   I will have them picked up immediately.

      If you should have any questions, please contact me at (210) 344-3900.   Thank you for your assistance with this request.

                            Very truly yours,

                            /s/ *Robin McGrew*

                            Robin McGrew
                            Paralegal assisting Ray R. Ortiz

/rgm
enclosures
314.196

CAUSE NO. 2016CVF000955 D3

| | | |
|---|---|---|
| JOSE ERNESTO ELIZONDO, | § | IN THE DISTRICT COURT |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | 341st JUDICIAL DISTRICT |
| | § | |
| STATE FARM LLOYDS AND | § | |
| DAVID RODRIGUEZ | § | |
| | § | |
| **Defendants.** | § | WEBB COUNTY, TEXAS |

## ORIGINAL ANSWER AND REQUEST FOR JURY TRIAL
## BY STATE FARM LLOYDS

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES State Farm Lloyds, alleged to be a defendant in this action (for convenience, herein sometimes called "State Farm" or "Defendant"), and files this Original Answer and Request for Jury Trial in response to the Original Petition (for convenience, such Original Petition and any amendment or supplement to it herein called "Complaint") of Plaintiff Jose Ernesto Elizondo.   Without waiving any applicable defenses, whether affirmative or otherwise, and reserving the right to assert and rely on any such applicable defenses as may become available or apparent during the course of this action and still insisting upon any and all policy conditions, exclusions, requirements, and other policy terms now or later arising, State Farm Lloyds would respectfully show the Court as follows:

### RESPONSES TO PLAINTIFF'S ALLEGATIONS

#### Plaintiff's Complaint – "Discovery Control Plan"

1.     No answer is necessary to the allegations in paragraph 1 of Plaintiff's Complaint concerning the discovery level under Texas state practice.

**Plaintiff's Complaint – "Parties"**

2.      With respect to paragraph 2 of Plaintiff's Complaint, Defendant admits that Plaintiff is a citizen of the State of Texas.

3.      With respect to paragraph 3 of Plaintiff's Complaint, Defendant admits that State Farm Lloyds is an insurance company engaging in the business of insurance in the State of Texas. State Farm Lloyds is an unincorporated insurance association whose underwriters were and are all citizens of states other than Texas. Insofar as the remaining allegations of paragraph 3 concerning service of process to State Farm Lloyds, Defendant admits that State Farm Lloyds may be served with process in accordance with the "Service of Process" provision of the insurance policy under which Plaintiff purports to be claiming in this action. Defendant denies any remaining allegations contained in paragraph 3 of Plaintiff's Complaint.

4.      With respect to paragraph 4 of Plaintiff's Complaint, Defendant admits that Mr. David Rodriguez is a resident of the State of Texas; however, Mr. Rodriguez has been improperly joined and his citizenship should therefore be disregarded. In addition, Mr. Rodriguez is not a party to the policy of insurance under which Plaintiff purports to be claiming in this action and therefore cannot be liable for any supposed breach of contract or any supposed breach of any contended duty of good faith and fair dealing. Also, under Texas law, when an adjuster's actions can be accomplished by the insurer through an agent, the adjuster's actions are indistinguishable from the insurer's actions and are therefore insufficient to support a claim against the adjuster under Chapter 541 of the Texas Insurance Code. Further, Mr. Rodriguez is not an "insurer authorized to engage in business as an insurance company" and therefore cannot be liable for any supposed violation of Chapter 542 of the Texas Insurance Code. Moreover, under Texas law, (a) there is no cause of action for any supposedly negligent claims handling; (b) any statements purportedly made in

2

connection with post-loss investigation or handling of an insurance claim are not actionable misrepresentations; (c) matters of opinion are not actionable misrepresentations; and (d) an unincorporated association such as State Farm Lloyds and its agents such as Mr. Rodriguez constitute a single entity and therefore cannot form a "conspiracy."

Plaintiff's Complaint – "Jurisdiction"

5.     No answer is necessary to paragraph 5 of Plaintiff's Complaint. This paragraph concerns the minimum jurisdictional amount under Texas state practice. To the extent an answer is required, Defendant admits that the amount in controversy in this action alleged by Plaintiff exceeds the sum of $75,000.00, exclusive of interest and costs.

6.     With regard to the allegations contained in paragraphs 6 and 7 of Plaintiff's Complaint, Defendant contends that jurisdiction is properly with the United States District Court, Southern District, Laredo Division, because the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs, and because there is complete diversity of the real parties in interest in this action. Defendant denies any allegations by Plaintiff that tend to contradict that jurisdiction lies with the United States District Court, Southern District, Laredo Division. Additionally, with specific reference to paragraph 7 of Plaintiff's Complaint and Mr. Rodriguez, Mr. Rodriguez has been improperly joined and his citizenship should be disregarded for purposes of evaluating diversity of citizenship.

Plaintiff's Complaint - "Venue"

7.     With regard to the allegations contained in paragraph 8 of Plaintiff's Complaint, venue instead lies in the Laredo Division of the United States District Court, Southern District. Defendant denies any allegations by Plaintiff that tend to contradict venue in the Laredo Division of the United States District Court, Southern District.

3

### Plaintiff's Complaint - "Facts"

8.      Regarding paragraph 9 of Plaintiff's Complaint, Defendant admits that State Farm Lloyds issued Homeowners Policy No. 83-BX-X093-9, in effect as of the date of the alleged loss made the basis of Plaintiff's insurance claim at issue in this action, wherein Plaintiff Jose Elizondo was listed as "Named Insured" and 2406 Old Spanish Trail, Laredo, Texas 78046-6062, was listed as the "residence premises," and which provided insurance coverage in accordance with and subject to the terms, conditions, exclusions, and limitations shown in such policy. Defendant denies any remaining allegations contained in paragraph 9 of Plaintiff's Complaint and specifically denies any allegations that tend to contradict, contravene, alter, or enlarge the terms, conditions, exclusions, or limitations of the policy under which Plaintiff purports to be claiming in this action.

9.      Defendant is without sufficient information to admit or deny the allegations contained in paragraph 10 of Plaintiff's Complaint.

10.     With respect to paragraph 11 of Plaintiff's Complaint, Defendant admits that State Farm Lloyds issued Homeowners Policy No. 83-BX-X093-9, in effect as of the date of the alleged loss made the basis of Plaintiff's insurance claim at issue in this action, wherein Plaintiff Jose Elizondo was listed as "Named Insured" and 2406 Old Spanish Trail, Laredo, Texas 78046-6062, was listed as the "residence premises," and which provided insurance coverage in accordance with and subject to the terms, conditions, exclusions, and limitations shown in such policy. Defendant denies any remaining allegations contained in paragraph 11 of Plaintiff's Complaint and specifically deny any allegations that tend to contradict, contravene, alter, or enlarge the terms, conditions, exclusions, or limitations of the policy under which Plaintiff purports to be claiming in this action.

4

11.     With respect to paragraphs 12, 13, and 14 of Plaintiff's Complaint, Defendant admits that (a) an insurance claim was reported on or about November 17, 2014, by or for Plaintiff to State Farm Lloyds under a homeowners insurance contract for alleged damage to Plaintiff's dwelling purportedly caused by a windstorm on or about May 9, 2014; (b) David Rodriguez completed an inspection of Plaintiff's property on or about December 17, 2014; (c) Mr. Rodriguez prepared an estimate or estimates of repairs to the covered storm damage that he observed in the course of the inspection of Plaintiff's property; and (d) the loss was below the deductible. Other than the foregoing, Defendant denies all of the remaining allegations in paragraphs 12, 13 and 14 of Plaintiff's Complaint and specifically denies any allegations that tend to contradict, contravene, alter, or enlarge the terms, conditions, exclusions, or limitations of the policy under which Plaintiff purports to be claiming in this action.

12.     With respect to paragraph 15 of Plaintiff's Complaint, Defendant admits (a) an insurance claim was reported on or about November 17, 2014, by or for Plaintiff to State Farm Lloyds under a homeowners insurance contract for alleged damage to Plaintiff's dwelling purportedly caused by a windstorm on or about May 9, 2014; (b) David Rodriguez completed an inspection of Plaintiff's property on or about December 17, 2014; (c) Mr. Rodriguez prepared an estimate or estimates of repairs to the covered storm damage that he observed in the course of the inspection of Plaintiff's property; and (d) the loss was below the deductible.  Other than the foregoing, Defendant denies all of the remaining allegations in paragraph 15 of Plaintiff's Complaint and specifically denies any allegations that tend to contradict, contravene, alter, or enlarge the terms, conditions, exclusions, or limitations of the policy under which Plaintiff purports to be claiming in this action.

13.     Defendant denies the allegations contained in paragraph 16 of Plaintiff's Complaint.

14.     Defendant denies the allegations contained in paragraph 17 of Plaintiff's Complaint.

15.     Defendant denies the allegations contained in paragraph 18 of Plaintiff's Complaint.

16.     Defendant denies the allegations contained in paragraph 19 of Plaintiff's Complaint.

17.     Defendant denies the allegations contained in paragraph 20 of Plaintiff's Complaint.

18.     Defendant denies the allegations contained in paragraph 21 of Plaintiff's Complaint.

19.     Defendant denies the allegations contained in paragraph 22 of Plaintiff's Complaint.

20.     Defendant denies the allegations contained in paragraph 23 of Plaintiff's Complaint.

21.     Defendant denies the allegations contained in paragraph 24 of Plaintiff's Complaint.

22.     Defendant denies the allegations contained in paragraph 25 of Plaintiff's Complaint.

23.     Defendant denies the allegations contained in paragraph 26 of Plaintiff's Complaint.

24.     Defendant denies the allegations contained in paragraph 27 of Plaintiff's Complaint.

25.     Defendant denies the allegations contained in paragraph 28 of Plaintiff's Complaint.

26.     Defendant denies the allegations contained in paragraph 29 of Plaintiff's Complaint. Defendant specifically denies that State Farm or Mr. Rodriguez supposedly made any "false representations" of material facts to Plaintiff or that they "knowingly concealed" any material information from Plaintiff as contended in Plaintiff's Complaint.

27.     Defendant denies the allegations contained in paragraph 30 of Plaintiff's Complaint. Defendant specifically denies that anything allegedly done or not done by State Farm or David Rodriguez supposedly constitutes a "wrongful act or omission" as contended by Plaintiff or that it was necessary for Plaintiff to retain the services of an attorney to bring this action because of anything allegedly done or not done by Defendants.

28.     Defendant denies the allegations contained in paragraph 31 of Plaintiff's Complaint.

### Plaintiff's Complaint - "Causes of Action"-
### "Causes of Action Against Defendant Rodriguez" -
### Noncompliance with Texas Insurance Code: Unfair Settlement Practices"

29.     Defendant denies the allegations contained in paragraph 32 of Plaintiff's Complaint. Among other things, Mr. Rodriguez was improperly joined in this lawsuit. Defendant additionally denies any allegations that tend to contradict, contravene, alter, or enlarge the terms, conditions, exclusions, or limitations of the policy under which Plaintiff purports to be claiming in this action.

30.     Defendant denies the allegations contained in paragraph 33 of Plaintiff's Complaint.

31.     Regarding paragraph 34 of Plaintiff's Complaint, Defendant denies that Mr. Rodriguez committed any supposedly "unfair and deceptive acts" as alleged. The remaining allegations contained in paragraph 34 of Plaintiff's Complaint contain conclusions of law and do not require an answer. To the extent an answer is required, Defendant denies such allegations but does admit that the word "person" is defined in section 541.002(2) of the Texas Insurance Code as set out in such section of the statute.

32.     Defendant denies the allegations contained in paragraph 35 of Plaintiff's Complaint.

33.     Defendant denies the allegations contained in paragraph 36 of Plaintiff's Complaint.

34.     Defendant denies the allegations contained in paragraph 37 of Plaintiff's Complaint.

35.     Defendant denies the allegations contained in paragraph 38 of Plaintiff's Complaint.

36.     Defendant denies the allegations contained in paragraph 39 of Plaintiff's Complaint.

### Plaintiff's Complaint - "Causes of Action" -
### "Causes of Action Against All Defendants"

37.     The allegations contained in paragraph 40 of Plaintiff's Complaint contain conclusions of law and do not require an answer. To the extent an answer is required, Defendant is without sufficient information to admit or deny such allegations.

**Plaintiff's Complaint - "Causes of Action"-**
**"Causes of Action Against All Defendants" - "Fraud"**

38.      Defendant denies the allegations contained in paragraph 41 of Plaintiff's Complaint and specifically deny that anything done or not done by State Farm or Mr. Rodriguez supposedly constituted "common law fraud" as contended by Plaintiff in the Complaint.

39.      Defendant denies the allegations contained in paragraph 42 of Plaintiff's Complaint.

40.      Defendant denies the allegations contained in paragraph 43 of Plaintiff's Complaint.   In addition, under Texas law, (a) any statements purportedly made in connection with post-loss investigation or handling of an insurance claim are not actionable misrepresentations; (b) matters of opinion are not actionable misrepresentations; (c) Plaintiff did not detrimentally rely upon any supposed acts, practices, or omissions of State Farm or Mr. Rodriguez; and (d) no supposed act or omission that Plaintiff alleges to be attributable to State Farm or Mr. Rodriguez was the proximate or producing cause of Plaintiff's alleged damages.

**Plaintiff's Complaint - "Causes of Action"-**
**"Causes of Action Against All Defendants" - "Conspiracy to Commit Fraud"**

41.      Defendant denies the allegations contained in paragraph 44 of Plaintiff's Complaint. Defendant specifically denies that State Farm and Mr. Rodriguez were "members" of any purported "combination of two or more persons whose object was to accomplish an unlawful purpose" as asserted by Plaintiff in paragraph 44. In addition, Defendant specifically denies that State Farm or Mr. Rodriguez committed any "unlawful, overt act" as vaguely mentioned in paragraph 44 of Plaintiff's Complaint or that they have any supposed liability for any contended "conspiracy" as asserted in paragraph 44. Also, under Texas law, an unincorporated association such as State Farm Lloyds and its agents such as Mr. Rodriguez constitute a single entity and therefore cannot form a "conspiracy."

8

**Plaintiff's Complaint -**
**"Causes of Action Against State Farm Only"**

42.     Defendant denies the allegations contained in paragraph 45 of Plaintiff's Complaint. Further, (a) Mr. Rodriguez cannot be liable for any supposed breach of contract because he is not a party to the policy of insurance under which Plaintiff purports to be claiming in this action; (b) under Texas law, when an adjuster's actions can be accomplished by the insurer through an agent, the adjuster's actions are indistinguishable from the insurer's actions and are therefore insufficient to support a claim against the adjuster under Chapter 541 of the Texas Insurance Code; and (c) Mr. Rodriguez cannot be liable for any supposed breach of any contended duty of good faith and fair dealing because he was not a party to the policy of insurance under which Plaintiff purports to be claiming in this action.

**Plaintiff's Complaint -**
**"Causes of Action Against State Farm Only" - "Breach of Contract"**

43.     Defendant denies the allegations contained in paragraphs 46 and 47 of Plaintiff's Complaint and specifically denies any allegations that tend to contradict, contravene, alter, or enlarge the terms, conditions, exclusions, or limitations of the policy under which Plaintiff purports to be claiming in this action. Further, Mr. Rodriguez is not a party to the policy of insurance under which Plaintiff purports to be claiming in this action and therefore cannot be liable for any supposed breach of contract.

**Plaintiff's Complaint -**
**"Causes of Action Against State Farm Only" -**
**"Noncompliance with Texas Insurance Code: Unfair Settlement Practices"**

44.     Defendant denies the allegations contained in paragraph 48 of Plaintiff's Complaint. Defendant specifically denies that anything State Farm Lloyds has or has not done with regard to Plaintiff's insurance claim at issue in this action constitutes an alleged violation of any provision

of the "Texas Insurance Code, Unfair Settlement Practices" as asserted by Plaintiff in his Complaint.

45.     Defendant denies the allegations contained in paragraph 49 of Plaintiff's Complaint. Defendant specifically denies that anything State Farm Lloyds has or has not done with regard to Plaintiff's insurance claim at issue in this action constitutes an alleged violation of any provision of the "Texas Insurance Code, Unfair Settlement Practices" as asserted by Plaintiff in his Complaint, including but not limited to § 541.060(a)(1).

46.     Defendant denies the allegations contained in paragraph 50 of Plaintiff's Complaint. Defendant specifically denies that anything State Farm Lloyds has or has not done with regard to Plaintiff's insurance claim at issue in this action constitutes an alleged violation of any provision of the "Texas Insurance Code, Unfair Settlement Practices" as asserted by Plaintiff in his Complaint, including but not limited to § 541.060(a)(2)(A).

47.     Defendant denies the allegations contained in paragraph 51 of Plaintiff's Complaint. Defendant specifically denies that anything State Farm Lloyds has or has not done with regard to Plaintiff's insurance claim at issue in this action constitutes an alleged violation of any provision of the "Texas Insurance Code, Unfair Settlement Practices" as asserted by Plaintiff in his Complaint, including but not limited to § 541.060(a)(3).

48.     Defendant denies the allegations contained in paragraph 52 of Plaintiff's Complaint. Defendant specifically denies that anything State Farm Lloyds has or has not done with regard to Plaintiff's insurance claim at issue in this action constitutes an alleged violation of any provision of the "Texas Insurance Code, Unfair Settlement Practices" as asserted by Plaintiff in his Complaint, including but not limited to § 541.060(a)(4).

49.     Defendant denies the allegations contained in paragraph 53 of Plaintiff's Complaint. Defendant specifically denies that anything State Farm Lloyds has or has not done with regard to Plaintiff's insurance claim at issue in this action constitutes an alleged violation of any provision of the "Texas Insurance Code, Unfair Settlement Practices" as asserted by Plaintiff in his Complaint, including but not limited to § 541.060(a)(7).

**Plaintiff's Complaint -**
**"Causes of Action Against State Farm Only" -**
**"Noncompliance with Texas Insurance Code: Prompt Payment of Claims"**

50.     Defendant denies the allegations contained in paragraph 54 of Plaintiff's Complaint. Defendant specifically denies that anything State Farm Lloyds has or has not done with regard to Plaintiff's insurance claim at issue in this action constitutes an alleged violation of any provision of the "Texas Insurance Code, Prompt Payment of Claims" as asserted by Plaintiff in his Complaint.

51.     Defendant denies the allegations contained in paragraph 55 of Plaintiff's Complaint. Defendant specifically denies that anything State Farm Lloyds has or has not done with regard to Plaintiff's insurance claim at issue in this action constitutes an alleged violation of any provision of the "Texas Insurance Code, Prompt Payment of Claims" as asserted by Plaintiff in his Complaint, including but not limited to § 542.055.

52.     Defendant denies the allegations contained in paragraph 56 of Plaintiff's Complaint. Defendant specifically denies that anything State Farm Lloyds has or has not done with regard to Plaintiff's insurance claim at issue in this action constitutes an alleged violation of any provision of the "Texas Insurance Code, Prompt Payment of Claims" as asserted by Plaintiff in his Complaint, including but not limited to § 542.056.

53.    Defendant denies the allegations contained in paragraph 57 of Plaintiff's Complaint. Defendant specifically denies that anything State Farm Lloyds has or has not done with regard to Plaintiff's insurance claim at issue in this action constitutes an alleged violation of any provision of the "Texas Insurance Code, Prompt Payment of Claims" as asserted by Plaintiff in his Complaint, including but not limited to § 542.058.

**Plaintiff's Complaint –**
**"Causes of Action Against State Farm Only"-**
**"Acts Constituting Acting as Agent"**

54.    The allegations in paragraph 58 of Plaintiff's Complaint contain conclusions of law and do not require an answer. To the extent an answer is required, (a) Defendant admits that Mr. Rodriguez is an adjuster who performed on State Farm Lloyds' behalf an inspection and estimate of the damage to Plaintiff's property reported by Plaintiff to have been caused by a May 9, 2014 storm; and (b) Defendant denies the remaining allegations of paragraph 58 of Plaintiff's Complaint. Among other things, Mr. Rodriguez was improperly joined in this lawsuit.

55.    The allegations in paragraph 59 of Plaintiff's Complaint contain conclusions of law and do not require an answer. To the extent an answer is required, (a) Defendant admits that Mr. Rodriguez is an adjuster who performed, on State Farm Lloyds' behalf, an inspection and estimate of the damage to Plaintiff's property reported by Plaintiff to have been caused by a May 9, 2014 storm; and (b) Defendant denies the remaining allegations of paragraph 60 of Plaintiff's Complaint. Among other things, Mr. Rodriguez was improperly joined in this lawsuit.

**Plaintiff's Complaint -**
**"Causes of Action Against State Farm Only" -**
**"Breach of the Duty of Good Faith and Fair Dealing"**

56.    Defendant denies the allegations contained in paragraph 60 of Plaintiff's Complaint. Defendant specifically denies that anything State Farm Lloyds has or has not done constitutes an

12

alleged breach of the common law duty of good faith and fair dealing as asserted by Plaintiff in his Complaint. Additionally, Mr. Rodriguez is not a party to the policy of insurance under which Plaintiff purports to be claiming in this action and therefore cannot be liable for any supposed breach of any contended duty of good faith and fair dealing.

57.     Defendant denies the allegations contained in paragraph 61 of Plaintiff's Complaint. Defendant specifically denies that (a) State Farm Lloyds supposedly "failed" to reasonably investigate Plaintiff's insurance claim; (b) any alleged liability of State Farm Lloyds under the subject insurance policy to pay the amount demanded by Plaintiff in excess of that already paid by State Farm Lloyds has ever been reasonably clear; or (c) anything State Farm Lloyds has or has not done constitutes an alleged breach of the common law duty of good faith and fair dealing as asserted by Plaintiff in his Complaint. Additionally, Mr. Rodriguez is not a party to the policy of insurance under which Plaintiff purports to be claiming in this action and therefore cannot be liable for any supposed breach of any contended duty of good faith and fair dealing.

### Plaintiff's Complaint - "Knowledge"

58.     Defendant denies the allegations contained in paragraph 62 of Plaintiff's Complaint. Defendant specifically denies that (a) anything State Farm has or has not done as alleged by Plaintiff in his Complaint was "knowingly" done as that term is used in the Texas Insurance Code or (b) anything State Farm has or has not done as alleged by Plaintiff in his Complaint was a "producing cause" of Plaintiff's purported damages.

### Plaintiff's Complaint - "Damages"

59.     Defendant denies the allegations contained in paragraph 63 of Plaintiff's Complaint. Defendant specifically denies that anything supposedly done or not done by State Farm or

Mr. Rodriguez as alleged in Plaintiff's Complaint was a "producing cause" of Plaintiff's purported damages.

60.    Defendant denies the allegations contained in paragraph 64 of Plaintiff's Complaint. Defendant specifically denies that anything supposedly done or not done by State Farm or Mr. Rodriguez as alleged in Plaintiff's Complaint purportedly caused Plaintiff not to be able to repair the contended damage to Plaintiff's property from the alleged storm or caused any further damage to such property.

61.    Defendant denies the allegations contained in paragraph 65 of Plaintiff's Complaint. Defendant specifically denies any purported liability for any contended "breach of contract" as alleged by Plaintiff in this action. Further, Mr. Rodriguez is not a party to the policy of insurance under which Plaintiff purports to be claiming in this action and therefore cannot be liable for any supposed breach of contract.

62.    Defendant denies the allegations contained in paragraph 66 of Plaintiff's Complaint. Defendant specifically denies any purported liability for any contended "noncompliance with the Texas Insurance Code, Unfair Settlement Practices" as alleged by Plaintiff in this action. Further, under Texas law, when an adjuster's actions can be accomplished by the insurer through an agent, the adjuster's actions are indistinguishable from the insurer's actions and are therefore insufficient to support a claim against the adjuster under Chapter 541 of the Texas Insurance Code.

63.    Defendant denies the allegations contained in paragraph 67 of Plaintiff's Complaint. Defendant specifically denies any purported liability for any contended "noncompliance with [the] Texas Insurance Code, Prompt Payment of Claims" as alleged by Plaintiff in this action. Further, Mr. Rodriguez is not an "insurer authorized to engage in business as an insurance company";

therefore, he cannot be liable for any supposed violation of Chapter 542 of the Texas Insurance Code.

64.     Defendant denies the allegations contained in paragraph 68 of Plaintiff's Complaint. Defendant specifically denies any purported liability for any contended "breach of the common law duty of good faith and fair dealing" as alleged by Plaintiff in this action. Further, Mr. Rodriguez is not a party to the policy of insurance under which Plaintiff purports to be claiming in this action and therefore cannot be liable for any supposed breach of any contended duty of good faith and fair dealing.

65.     Defendant denies the allegations contained in paragraph 69 of Plaintiff's Complaint. Defendant specifically denies any purported liability for any contended "fraud" as alleged by Plaintiff in this action. Among other things, under Texas law, (a) any statements purportedly made in connection with post-loss investigation or handling of an insurance claim are not actionable misrepresentations; (b) matters of opinion are not actionable misrepresentations; (c) Plaintiff did not detrimentally rely upon any supposed acts, practices, or omissions of State Farm or Mr. Rodriguez; and (d) no supposed act or omission that Plaintiff allege to be attributable to State Farm or Mr. Rodriguez was the proximate or producing cause of Plaintiff's alleged damages.

66.     With regard to paragraph 70 of Plaintiff's Complaint, Defendant admits that Plaintiff appears to have retained the attorney whose name is subscribed to the Complaint to represent them in this action but deny the remaining allegations contained in paragraph 70. Defendant specifically denies that Plaintiff is entitled to the recovery of any attorney fees from State Farm or Mr. Rodriguez as alleged by Plaintiff in the Complaint.

15

### Plaintiff's Complaint - "Jury Demand"

67.     No answer is necessary to the allegations in paragraph 71 of Plaintiff's Complaint as such paragraph concerns Plaintiff's request for a jury trial in this action. To the extent an answer is required, Defendant concurs with the request for a jury trial herein.

### Plaintiff's Complaint - "Written Discovery"

68.     No answer is necessary to the allegations in paragraph 72 of Plaintiff's Complaint as such paragraph concerns discovery instruments propounded pursuant to Texas state court rules and practice.

### Plaintiff's Complaint - "Prayer"

69.     The allegations in the paragraph labeled "Prayer" in Plaintiff's Complaint contain conclusions of law and do not require an answer. To the extent an answer is required, Defendant denies that Plaintiff is entitled to any recovery or relief as alleged in the paragraph labeled "Prayer" in Plaintiff's Complaint.

### ADDITIONAL DEFENSES TO PLAINTIFF'S ALLEGATIONS

### First Defense

70.     Defendant denies each and every material allegation made in Plaintiff's Complaint not previously controverted or admitted herein and demands that Plaintiff prove, by credible evidence meeting the requisite standard of proof, each and every such material allegation made in Plaintiff's Complaint.

### Second Defense

71.     Plaintiff's Complaint, in whole or in part, fails to state a ground or claim upon which relief can be granted.

### Third Defense

72.     Plaintiff's claims are barred, in whole or in part, by the terms, conditions, exclusions, or

limitations of the policy of insurance under which Plaintiff purports to be claiming in this action.

Among its other terms, conditions, exclusions, or limitations, such policy specifies:

DECLARATIONS CONTINUED

We [State Farm Lloyds] agree to provide the insurance described in this policy:

1.     based on your [Plaintiff's] payment of premium for the coverages you chose;

2.     based on your compliance with all applicable provisions of this policy; and

3.     in reliance on your statements in these Declarations.

You [Plaintiff] agree, by acceptance of this policy, that:

1.     you will pay the premiums when due and comply with the provisions of this policy;

2.     the statements in these Declarations are your statements and are true;

3.     we insure you on the basis your statements are true; and

4.     this policy contains all of the agreements between you and us and any of our agents.

### DEFINITIONS

*******

12.     "residence premises" means:

   a.   the one, two, three, or four-family dwelling, other structures and grounds; or

   b.   that part of any other building;

where you reside and which is shown in the Declarations.

*******

SECTION I - COVERAGES

COVERAGE A - DWELLING

1.   Dwelling. We cover the dwelling used principally as a private residence on the residence premises shown in the Declarations.

*******

3.   Property Not Covered. We do not cover:

   a.   land, including the land necessary to support any Coverage A property;

   b.   any costs required to replace, rebuild, stabilize, or otherwise restore the land; or

   c.   the costs of repair techniques designed to compensate for or prevent land instability to any property, whether or not insured under Coverage A.

*******

COVERAGE B - PERSONAL PROPERTY

1.   Property Covered. We cover personal property owned or used by an insured while    it is anywhere in the world. This includes structures not permanently attached to or otherwise forming a part of the realty. ...

*******

COVERAGE C - LOSS OF USE

1.   Additional Living Expense. When a Loss Insured causes the residence premises to be uninhabitable, we will cover the necessary increase in cost you incur to maintain your standard of living for up to 24 months. Our payment is limited to incurred costs for the shortest of: (a) the time required to repair or replace the premises; (b) the time required for your household to settle elsewhere; or (c) 24 months. This coverage is not reduced by expiration of this policy.

*******

SECTION I - LOSSES INSURED

COVERAGE A - DWELLING

We insure for accidental direct physical loss to the property described in Coverage A, except as provided in SECTION I - LOSSES NOT INSURED.

18

COVERAGE B - PERSONAL PROPERTY

We insure for accidental direct physical loss to property described in Coverage B caused by the following perils, except as provided in SECTION I - LOSSES NOT INSURED:

*******

2.    Windstorm or hail. This peril does not include loss to property contained in a building caused by rain, snow, sleet, sand or dust. This limitation does not apply when the direct force of wind or hail damages the building causing an opening in a roof or wall and the rain, snow, sleet, sand or dust enters through this opening.

This peril includes loss to watercraft of all types and their trailers, furnishings, equipment, and outboard motors, only while inside a fully enclosed building.

*******

12.   Sudden and accidental discharge or overflow of water or steam from within a plumbing, heating, air conditioning or automatic fire protective sprinkler system, or from within a household appliance.

This peril does not include loss:

a.    to the system or appliance from which the water or steam escaped;

b.    caused by or resulting from freezing;

c.    caused by or resulting from water or sewage from outside the residence premises plumbing system that enters through sewers or drains, or water which enters into and overflows from within a sump pump, sump pump well or any other system designed to remove subsurface water which is drained from the foundation area; or

d.    caused by or resulting from continuous or repeated seepage or leakage of water or steam which occurs over a period of time and results in deterioration, corrosion, rust, mold, or wet or dry rot.

*******

SECTION I- LOSSES NOT INSURED

1.    We do not insure for any loss to the property described in Coverage A which consists of, or is directly and immediately caused by, one or more of the perils listed in items a. through n. below, regardless of whether the loss occurs suddenly or gradually, involves isolated or widespread damage, arises from natural or external forces, or occurs as a result of any combination of these:

19

*******

f.   continuous or repeated seepage or leakage of water or steam from a:

    (1)   heating, air conditioning or automatic fire protective sprinkler system;

    (2)   household appliance; or

    (3)   plumbing system, including from, within or around any shower stall, shower bath, tub installation, or other plumbing fixture, including their walls, ceilings or floors;

which occurs over a period of time. If loss to covered property is caused by water or steam not otherwise excluded, we will cover the cost of tearing out and replacing any part of the building necessary to repair the system or appliance. We do not cover loss to the system or appliance from which the water or steam escaped;

g.   wear, tear, marring, scratching, deterioration, inherent vice, latent defect or mechanical breakdown;

h.   corrosion, electrolysis or rust;

i.   mold, fungus or wet or dry rot;

j.   contamination;

*******

l.   settling, cracking, shrinking, bulging, or expansion of pavements, patios, foundation, walls, floors, roofs or ceilings;

m.   birds, vermin, rodents, insects, or domestic animals. We do cover breakage of glass or safety glazing material which is a part of a building, when caused by birds, vermin, rodents, insects or domestic animals; or

n.   pressure from or presence of tree, shrub or plant roots.

However, we do insure for any resulting loss from items a. through m. unless the resulting loss is itself a Loss Not Insured by this Section.

2.   We do not insure under any coverage for any loss which would not have occurred in the absence of one or more of the following excluded events. We do not insure for such loss regardless of: (a) the cause of the excluded event; or (b) other causes of the loss; or (c) whether other causes acted concurrently or in any sequence with the excluded event to produce the loss; or (d) whether the event occurs suddenly or gradually, involves isolated or widespread

20

damage, arises from natural or external forces, or occurs as a result of any combination of these:

*******

b.   Earth Movement, meaning the sinking, rising, shifting, expanding or contracting of earth, all whether combined with water or not. Earth movement includes but is not limited to earthquake, landslide, mudflow, mudslide, sinkhole, subsidence, erosion or movement resulting from improper compaction, site selection or any external forces. Earth movement also includes volcanic explosion or lava flow, except as specifically provided in SECTION I - ADDITIONAL COVERAGES, Volcanic Action.

However, we do insure for any direct physical loss by fire resulting from earth movement, provided the resulting fire loss is itself a Loss Insured.

c.   Water, meaning:

(1)   flood, surface water, waves, (including tidal wave, tsunami, and seiche), overflow of any body of water, or spray or surge from any of these, all whether driven by wind or not;

(2)   water or sewage from outside the residence premises plumbing system that enters through sewers or drains, or water which enters into and overflows from within a sump pump, sump pump well or any other system designed to remove subsurface water which is drained from the foundation area; or

(3)   water below the surface of the ground, including water which exerts pressure on, or seeps or leaks through a building, sidewalk, driveway, foundation, swimming pool or other structure; or

(4)   material carried or otherwise moved by any of the water, as described in paragraphs (1) through (3) above.

However, we do insure for any direct loss by fire, explosion or theft resulting from water, provided the resulting loss is itself a Loss Insured.[1]

d.   Neglect, meaning neglect of the insured to use all reasonable means to save and preserve property at and after the time of a loss, or when property is endangered.

*******

---

[1]   FE-3533 Homeowners Policy Endorsement to the policy of insurance under which Plaintiff purports to be claiming in this action.

21

3. We do not insure under any coverage for any loss consisting of one or more of the items below. Further, we do not insure for loss described in paragraphs 1. and 2. immediately above regardless of whether one or more of the following: (a) directly or indirectly cause, contribute to or aggravate the loss; or (b) occur before, at the same time or after the loss or any other cause of the loss:

    a. conduct, act, failure to act, or decision of any person, group, organization or governmental body whether intentional, wrongful, negligent, or without fault;

    b. defect, weakness, inadequacy, fault or unsoundness in:

        (1) planning, zoning, development, surveying, siting;

        (2) design, specifications, workmanship, construction, grading, compaction;

        (3) materials used in construction or repair; or

        (4) maintenance;

    of any property (including land, structures, or improvements of any kind) whether on or off the residence premises; or

    c. weather conditions.

However, we do insure for any resulting loss from items a., b. and c. unless the resulting loss is itself a Loss Not Insured by this Section.

*******

## SECTION I – CONDITIONS

1. **Insurable Interest and Limit of Liability.** Even if more than one person has an insurable interest in the property covered, we shall not be liable:

    a. to the insured for an amount greater than the insured's interest; or

    b. for more than the applicable limit of liability.

*******

2. **Your Duties After Loss.** After a loss to which this insurance may apply, you shall see that the following duties are performed:

    a. give immediate notice to us or our agent. . .;

22

b.    protect the property from further damage or loss, make reasonable and necessary temporary repairs required to protect the property, keep an accurate record of repair expenditures;

c.    prepare an inventory of damaged or stolen personal property. Show in detail the quantity, description, age, replacement cost and amount of loss. Attach to the inventory all bills, receipts and related documents that substantiate the figures in the inventory;

d.    as often as we reasonably require:

    (1)    exhibit the damaged property;

    (2)    provide us with records and documents we request and permit us to make copies;

    (3)    submit to and subscribe, while not in the presence of any other insured:

        (a)    statements; and

        (b)    examinations under oath; and

    (4)    produce employees, members of the insured's household or others for examination under oath to the extent it is within the insured's power to do so; and

e.    submit to us within 91 days after the loss, your signed, sworn proof of loss

    (1)    which sets forth, to the best of your knowledge and belief:  the time and cause of loss;

    (2)    interest of the insured and all others in the property involved and all encumbrances on the property;

    (3)    other insurance which may cover the loss;

    (4)    changes in title or occupancy of the property during the term of this policy;

    (5)    specifications of any damaged building and detailed estimates for repair of the damage;

    (6)    an inventory of damaged or stolen personal property described in 2.c.;

    (7)    receipts for additional living expenses incurred and records supporting the fair rental value loss; and

(8)   evidence or affidavit supporting a claim under the Credit Card, Bank Fund Transfer Card, Forgery and Counterfeit Money coverage, stating the amount and cause of loss.

f.   if the loss is caused by windstorm or hail in the catastrophe area as defined under Texas law, you must file a claim with us not later than one year after the date of the loss that is the subject of the claim unless you show good cause for not filing the claim within this time period.[2]

\*\*\*\*\*\*\*

6.   Suit Against Us. No action shall be brought unless:

a.   there has been compliance with the policy provisions; and

b.   except as provided in item c. below, suit or action brought against us is started within two years and one day after the cause of action accrues;

c.   with respect to a loss caused by windstorm or hail in the catastrophe area as defined under Texas law, suit or action brought against us is started within the earlier of:

(1)   two years from the date we accept or reject the claim; or

(2)   three years from the date of the loss that is the subject of the claim.[3]

\*\*\*\*\*\*\*

10.   Mortgage Clause (without contribution)

a.   The word "mortgagee" includes trustee.

b.   We will pay for any covered loss of or damage to buildings or structures to the mortgagee shown in the Declarations as interests appear.

\*\*\*\*\*\*\*

SECTION I AND SECTION II- CONDITIONS

1.   Policy Period. This policy applies only to loss under Section I or bodily injury or property damage under Section II which occurs during the period this policy is in effect.

---

[2]   FE-3533 Homeowners Policy Endorsement to the policy of insurance under which Plaintiff purports to be claiming in this action.

[3]   FE-3533 Homeowners Policy Endorsement to the policy of insurance under which Plaintiff purports to be claiming in this action.

2.  Concealment or Fraud. This policy is void as to you and any other insured, if you or any other insured under this policy has intentionally concealed or misrepresented any material fact or circumstance relating to this insurance, whether before or after a loss.

*******

4.  Waiver or Change of Policy Provisions. A waiver or change of any provision of this policy must be in writing by us to be valid.

*******

7.  Assignment. Assignment of this policy shall not be valid unless we give our written consent.

*******

## FUNGUS (INCLUDING MOLD) EXCLUSION ENDORSEMENT

DEFINITIONS

The following definition is added:

"fungus" means any type or form of fungus, including mold, mildew, mycotoxins, spores, scents or byproducts produced or released by fungi.

SECTION I - LOSSES INSURED

Item 12.d. is replaced with the following:

d.  caused by or resulting from continuous or repeated seepage or leakage of water or steam which occurs over a period of time and results in deterioration, corrosion, rust or wet or dry rot.

Item 13.b. is replaced with the following:

b.  caused by or resulting from continuous or repeated seepage or leakage of water or steam which occurs over a period of time and results in deterioration, corrosion, rust or wet or dry rot.

SECTION I - LOSSES NOT INSURED

Item 1.i. is replaced with the following:

i.  wet or dry rot;

25

In item 2., the following is added as item g.:

    g.  Fungus. We also do not cover:

        (1)  any loss of use or delay in rebuilding, repairing or replacing covered property, including any associated cost or expense, due to interference at the residence premises or location of the rebuilding, repair or replacement, by fungus;

        (2)  any remediation of fungus, including the cost to:

            (a)  remove the fungus from covered property or to repair, restore, or replace that property; or

            (b)  tear out and replace any part of the building or other property as needed to gain access to the fungus; or

        (3)  the cost of any testing or monitoring of air or property to confirm the type, absence, presence or level of fungus, whether performed prior to, during or after removal, repair, restoration or replacement of covered property.

All other policy provisions apply.

*******

WATER DAMAGE ENDORSEMENT

The following definition is added:

"fungus" means any type or form of fungus, including mold, mildew, mycotoxins, spores, scents or byproducts produced or released by fungi.

SECTION I – ADDITIONAL COVERAGES

The following is added:

Water Damage Coverage.

1.    We cover the deterioration, wet rot or dry rot of property described in Coverage A and Coverage B caused by the continuous or repeated seepage or leakage of water or steam from a:

    a.    heating, air conditioning or automatic fire protective sprinkler system;

    b.    household appliance; or

    c.    plumbing system, including from, within or around any shower stall, shower bath, tub installation, or other plumbing fixture, including their walls, ceilings or floors.

This coverage includes the cost of tearing out and replacing any part of the building necessary to repair the system or appliance from which seepage or leakage occurred.

2.    We do not cover:

    a.    loss to the system or appliance form which the water or steam escaped;

    b.    loss caused by, consisting of, or resulting from fungus; or

    c.    fungus which is the result of continuous or repeated seepage or leakage of water or steam from a:

        (1)    heating, air conditioning or automatic fire protective sprinkler system;

        (2)    household appliance; or

        (3)    plumbing system, including from, within, or around any shower stall, shower bath, tub installation, or other plumbing fixture, including their walls, ceilings or floors.

## SECTION I – LOSSES INSURED

## COVERAGE B – PERSONAL PROPERTY

The following revisions are made for the purpose of this endorsement only.

Item 12 is replaced with the following:

12.    Sudden and accidental discharge or overflow of water or steam from within a plumbing, heating, air conditioning or automatic fire protective sprinkler system, or from within a household appliance.

Except as specifically provided by this endorsement, this peril does not include loss:

    a.    to the system or appliance from which the water or steam escaped;

    b.    caused by or resulting from freezing;

    c.    caused by or resulting from water or sewage from outside the residence premises plumbing system that enters through sewers or drains, or water which enters into and overflows from within a sump pump, sump pump

27

well or any other system designed to remove subsurface water which is drained from the foundation area; or

d. caused by or resulting from continuous or repeated seepage or leakage of water or steam which occurs over a period of time and results in deterioration, corrosion, rust or wet or dry rot.

Item 13 is replaced with the following:

13. Sudden and accidental tearing asunder, cracking, burning or bulging of a steam or hot water heating system, an air conditioning or automatic fire protective sprinkler system, or an appliance for heating water.

Except as specifically provided by this endorsement, this peril does not include loss:

a. caused by or resulting from freezing; or

b. caused by or resulting from continuous or repeated seepage or leakage of water or steam which occurs over a period of time and results in deterioration, corrosion, rust or wet or dry rot.

SECTION I - LOSSES NOT INSURED

The following revisions are made for the purposes of this endorsement only.

Item 1.f. is replaced with the following:

f. except as specifically provided by this endorsement, continuous or repeated seepage or leakage of water or steam from a:

(1) heating, air conditioning or automatic fire protective sprinkler system;

(2) household appliance; or

(3) plumbing system, including from, within or around shower stall, shower bath, tub installation, or other plumbing fixture, including their walls, ceilings or floors;

which occurs over a period of time. If loss to covered property is caused by water or steam not otherwise excluded, we will cover the cost of tearing out and replacing any part of the building necessary to repair the system or appliance. We do not cover loss to the system or appliance form which the water or steam escaped;

28

Item 1. g. is replaced with the following:

g.   wear, tear, marring, scratching, inherent vice, latent defect or mechanical breakdown;

Item 1. i. is deleted.

Item 1.l. is replaced with the following:

l.   settling, cracking, shrinking, bulging, or expansion of pavements, patios or foundations;

Except as stated in this endorsement we do not provide coverage for any loss described in    SECTION I – LOSSES NOT INSURED.

*******

HOMEOWNERS POLICY ENDORSEMENT

COVERAGE A - DWELLING (Applicable to HOMEOWNERS POLICY)

A1 - Replacement Cost Loss Settlement - Similar Construction is replaced with the following:

a.   We will pay the cost to repair or replace with similar construction and for the same use on the premises shown in the Declarations, the damaged part of the property covered under SECTION I - COVERAGES, COVERAGE A - DWELLING, except for wood fences, subject to the following:

(1)   until actual repair or replacement is completed, we will pay only the actual cash value at the time of the loss of the damaged part of the property, up to the applicable limit of liability shown in the Declarations, not to exceed the cost to repair or replace the damaged part of the properly;

(2)   when the repair or replacement is actually completed, we will pay the covered additional amount you actually and necessarily spend to repair or replace the damaged part of the property, or an amount up to the applicable limit of liability shown in the Declarations, whichever is less;

(3)   to receive any additional payments on a replacement cost basis, you must complete the actual repair or replacement of the damaged part of the property within two years after the date of loss, and notify us within 30 days after the work has been completed; and

    (4)  we will not pay for increased costs resulting from enforcement of any ordinance or law regulating the construction, repair or demolition of a building or other structure, except as provided under Option OL – Building Ordinance or Law Coverage.

  b.  Wood Fences:  We will pay the actual cash value at the time of loss for loss or damage to wood fences, not to exceed the limit of liability shown in the Declarations for COVERAGE A – DWELLING EXTENSION.

A2 - Replacement Cost Loss Settlement - Common Construction is replaced with the following:

  a.  We will pay the cost to repair or replace with common construction and for the same use on the premises shown in the Declarations, the damaged part of the property covered under SECTION - COVERAGES, COVERAGE A - DWELLING, except for wood fences, subject to the following:

    (1)  we will pay only for repair or replacement of the damaged part of the property with common construction techniques and materials commonly used by the building trades in standard new construction. We will not pay the cost to repair or replace obsolete, antique or custom construction with like kind and quality;

    (2)  until actual repair or replacement is completed, we will pay only the actual cash value at the time of the loss of the damaged part of the property, up to the applicable limit of liability shown in the Declarations, not to exceed the cost to repair or replace the damaged part of the property as described in a.(1) above;

    (3)  when the repair or replacement is actually completed as described in a.(1) above, we will pay the covered additional amount you actually and necessarily spend to repair or replace the damaged part of the property, or an amount up to the applicable limit of liability shown in the Declarations, whichever is less;

    (4)  to receive any additional payments on a replacement cost basis, you must complete the actual repair or replacement of the damaged part of the property within two years after the date of loss, and notify us within 30 days after the work has been completed; and

    (5)  we will not pay for increased costs resulting from enforcement of any ordinance or law regulating the construction, repair or demolition of a building or other structure, except as provided under Option OL – Building Ordinance or Law Coverage.

*******

30

OPTIONAL POLICY PROVISIONS

*******

Option ID - Increased Dwelling Limit is replaced by the following:

> Option ID - Increased Dwelling Limit. We will settle losses to damaged building structures covered under COVERAGE A - DWELLING according to the SECTION I - LOSS     SETTLEMENT provision shown in the Declarations.
>
> If the amount you actually and necessarily spend to repair or replace damaged building structures exceeds the applicable limit of liability shown in the Declarations, we will pay the additional amounts not to exceed:
>
> 1.  the Option ID limit of liability shown in the Declarations to repair or replace the Dwelling; or
>
> 2.  10% of the Option I D limit of liability to repair or replace building structures covered under COVERAGE A - DWELLING, Dwelling Extension.
>
>     Report Increased Values. You must notify us within 90 days of the start of any new building structure costing $5,000 or more; or any additions to or remodeling of building structures which increase their values by $5,000 or more. You must pay any additional premium due for the increased value. We will not pay more than the applicable limit of liability shown in the Declarations, if you fail to notify us of the increased value within 90 days.

Option OL - Building Ordinance or Law. (Applicable to HOMEOWNERS POLICY)

Item 3.c. is replaced by the following:

> c.  legally required changes to the undamaged portions of any specific dwelling features, dwelling systems or dwelling components caused by the enforcement of a building, zoning or land use ordinance or law, if:
>
>     (1)  the enforcement is directly caused by the same Loss Insured; and
>
>     (2)  the requirement is in effect at the time the Loss Insured occurs.
>
>     We will not pay for legally required changes to specific dwelling features, dwelling systems or dwelling components that have not been physically damaged by the Loss Insured.

Item 4 is replaced by the following:

31

4.   Building Ordinance or Law Coverage Limitations.

    a.   We will not pay for any increased cost of construction under this coverage:

       (1)   until the dwelling is actually repaired or replaced at the same or another premises in the same general vicinity; and

       (2)   unless the repairs or replacement are made as soon as reasonably possible after the loss, not to exceed two years.

    b.   We will not pay more for loss to the undamaged portion of the dwelling caused by the enforcement of any ordinance or law than:

       (1)   the depreciated value of the undamaged portion of the dwelling, if the dwelling is not repaired or replaced;

       (2)   the amount you actually spend to replace the undamaged portion of the dwelling if the dwelling is repaired or replaced.

    c.   We will not pay more under this coverage than the amount you actually spend:

       (1)   for the increased cost to repair or rebuild the dwelling at the same or another premises in the same general vicinity if relocation is required by ordinance or law; and

       (2)   to demolish and clear the site of the undamaged portions of the dwelling caused by enforcement of building, zoning or land use ordinance or law.

We will never pay for more than a dwelling of the same height, floor area[,] and style on the same or similar premises as the dwelling, subject to the limit provided in paragraph I. Coverage Provided of this option.

If the dwelling is located in an area which is eligible for coverage through the Texas Windstorm Insurance Association, the coverage described above, also applies to the increased cost you incur due to repair, replacement or demolition required for the dwelling to comply with the building specifications contained in the Texas Windstorm Insurance Association's plan of operation.

*******

All other policy provisions apply.

32

### Fourth Defense

73.     Plaintiff's claims are barred, in whole or in part, because Mr. Rodriguez does not have any contractual, statutory, or common law duty to pay damages pursuant to the policy of insurance under which Plaintiff purports to be claiming in this action. Mr. Rodriguez is not a party to such policy; is not an insurance carrier; and Plaintiff is not a consumer with respect to Mr. Rodriguez and did not purchase or lease any goods or services from him. In addition, under Texas law, there is no cause of action for any supposedly negligent claims handling; any statements purportedly made in connection with post-loss investigation or handling of an insurance claim are not actionable misrepresentations; matters of opinion are not actionable misrepresentations; Plaintiff did not detrimentally rely upon any supposed acts, practices, or omissions of State Farm or Mr. Rodriguez as alleged by Plaintiff in his Complaint; no supposed act or omission that Plaintiff alleges in his Complaint to be attributable to State Farm or Mr. Rodriguez was the proximate or producing cause of Plaintiff's contended damages; and an unincorporated association such as State Farm Lloyds and its agents such as Mr. Rodriguez constitute a single entity and therefore cannot form a "conspiracy."

### Fifth Defense

74.     Plaintiff's claims are barred, in whole or in part, because Plaintiff's insurance claim was reasonably investigated and adjusted. Further, any alleged liability for the insurance claim in question did not become and is not reasonably clear.

### Sixth Defense

75.     Plaintiff's claims are barred, in whole or in part, because there exist bona fide and legitimate issues with regard to the construction or applicability of certain insurance policy provisions and exclusions, compliance by Plaintiff with obligations under the policy under which

Plaintiff purports to be claiming in this action, the nature and extent of the damages and losses alleged by Plaintiff, and the reasonableness of the sums claimed by Plaintiff.

### Seventh Defense

76.     Texas law prohibits Plaintiff from obtaining more than one recovery for the same alleged damage and injury. See, e.g., *Myriad Development. Inc. v. Alltech, Inc.,* 817 F.Supp.2d 946, 982-983 (W.D. Tex. 2011); *Tony Gullo Motors I, LP v. Chapa,* 212 S.W.3d 299, 303 (Tex. 2006); *Waite Hill Services. Inc. v. World Class Metal Works, Inc.,* 959 S.W.2d 182, 184 (Tex. 1998).

### Eighth Defense

77.     Plaintiff's causes of action are barred and Plaintiff is not entitled to any relief on the alleged causes of action to the extent that Plaintiff failed to mitigate Plaintiff's contended damages.

### Ninth Defense

78.     Plaintiff's causes of action are barred and Plaintiff is not entitled to any relief on such causes of action to the extent that the doctrine of concurrent causes applies to Plaintiff's claim or claims.

### Tenth Defense

79.     Plaintiff has the duty to establish the applicability of any exception to a policy exclusion by the greater weight and degree of credible evidence.

### Eleventh Defense

80.     To any extent Plaintiff alleges any breach of the duty of good faith and fair dealing, Plaintiff is precluded from any such recovery in the absence of any breach of the policy of insurance under which Plaintiff purports to be claiming in this action. See *Liberty Mutual Insurance Co. v. Akin.* 927 S.W.2d 627, 629 (Tex. 1996). Further, Mr. Rodriguez is not a party to the policy in question and therefore could not "breach" any such supposed duty of good faith and fair dealing. See

*Natividad v. Alexsis,* 875 S. W.2d 695, 698 (Tex. 1994); accord *HVAW v. American Motorists Insurance Co.,* 968 F.Supp. 1178, 1184 (N.D. Tex. 1997) (no contractual duty and no duty of good faith and fair dealing between claims manager and plaintiffs), aff'd, 149 F .3d 1175 (5th Cir. 1998).

### Twelfth Defense

81.     Further, a legitimate and bona fide dispute exists regarding whether there is any coverage available, or the extent to which there might be any coverage available, for Plaintiff's insurance claim under the policy in question. A mere bona fide coverage dispute does not constitute a breach of any duty of good faith and fair dealing to any extent alleged by Plaintiff in this action. See *United States Fire Insurance Co. v. Williams,* 955 S.W.2d 267, 268 (Tex. 1997); see also *Transportation Insurance Co. v. Moriel,* 879 S.W.2d 10, 17 (Tex. 1994).

### Thirteenth Defense

82.     To any extent Plaintiff claims recovery from Defendants for any supposed "negligence," "negligent claims handling," "gross negligence," or any variants thereof, Plaintiff is precluded from any such recovery because there is no cause of action in Texas for any supposedly negligent claims handling. See *Higginbotham v. State Farm Mutual Automobile Insurance Co.,* 103 F.3d 456, 460 (5th Cir. 1997); see also *United Services Automobile Association v. Pennington,* 810 S.W.2d 777, 783-784 (Tex. App. - San Antonio 1991, writ denied).

### Fourteenth Defense

83.     To any extent Plaintiff alleges any supposed claims under the Texas Insurance Code in the Complaint, Plaintiff is precluded from any recovery or relief thereunder because, among other things, (a) Plaintiff failed to satisfy one or more conditions precedent to any recovery under the statute; (b) State Farm Lloyds did not breach the insurance policy under which Plaintiff purports to be claiming in this action; (c) Plaintiff has not sustained any damages independent of Plaintiff's

35

alleged breach-of-contract theory; (d) Plaintiff did not detrimentally rely upon any supposed acts, practices, or omissions of State Farm or Mr. Rodriguez; (e) Plaintiff's insurance claim was reasonably investigated and adjusted; (f) any alleged liability for Plaintiff's insurance claim did not become and is not reasonably clear; and (g) there is a bona fide coverage dispute concerning Plaintiff's insurance claim and the policy of insurance policy under which Plaintiff purports to be claiming in this action.

### Fifteenth Defense

84.     Plaintiff is not entitled to recover any attorney fees as alleged in the Complaint in this action. "Until a duty to pay under an insurance policy has been established, there is no just amount owed." See *Beacon National Insurance Co. v. Glaze,* 114 S.W.3d 1, 6 (Tex. App. – Tyler 2003, pet. denied); see also *Sikes v. Zuloaga,* 830 S. W.2d 752, 754 (Tex. App. - Austin 1992, no writ).

### Sixteenth Defense

85.     To any extent Plaintiff seeks any recovery of exemplary or punitive damages in this action, Plaintiff is unable to establish, by credible evidence meeting the requisite standard of proof, that Defendants were actually aware of any harm which Plaintiff alleges to have sustained as a result of the handling of Plaintiff's insurance claim; therefore, under the holding of *Transportation Insurance Co. v. Moriel,* 879 S.W.2d 10, 24 (Tex. 1994), Plaintiff is not entitled to any alleged exemplary or punitive damages because Plaintiff is unable to prove that Defendants were actually aware of an extreme risk resulting from the handling of Plaintiff's claim.

### Seventeenth Defense

86.     Plaintiff is unable to establish, by clear and convincing evidence, that State Farm or Mr. Rodriguez acted with malice; therefore, under section 41.001(7) of the Texas Civil Practice

and Remedies Code, Plaintiff is not entitled to any supposed exemplary or punitive damages that Plaintiff alleges in this action. See, e.g., *Smith v. O'Donnell,* 288 S.W.3d 417, 423-424 (Tex. 2009); see also *Dillard Department Stores, Inc. v. Silva,* 148 S.W.3d 370, 373-374 (Tex. 2004); *Universal Services Co. v. Ung,* 904 S. W.2d 638, 640-641 (Tex. 1995).

### Eighteenth Defense

87.     Additionally, to the extent the Complaint filed by Plaintiff in this action seeks any recovery of alleged punitive or exemplary damages, section 41.008 of the Texas Civil Practice and Remedies Code applies and any attempted recovery of alleged punitive or exemplary damages is subject to the statutory limits set forth therein, other applicable statutory authority, and common law.

### Nineteenth Defense

88.     Further, to any extent Plaintiff seeks any recovery of exemplary or punitive damages in this action, the same violates Article I, § 13 of the Texas Constitution and the Eighth Amendment of the United States Constitution and violates the rights of Defendants to substantive and procedural due process as provided in Article I, § 19 of the Texas Constitution and the Fifth and Fourteenth Amendments of the United States Constitution. See *Cooper Industries, Inc. v. Leatherman Tool Group, Inc.,* 532 U.S. 424, 433-434 (2001); see also *BMW Corp. of N. America, Inc. v. Gore,* 517 U.S. 559, 562 (1996). Moreover, as a matter of state and federal constitutional law and sound public policy, any findings supporting an award of exemplary damages must be based on clear and convincing evidence, not a mere preponderance of the evidence. *Cf* TEX. CIV. PRAC. & REM. CODE ANN. § 41.003 (2014) (clear and convincing evidentiary standard).

### Twentieth Defense

89.    To the extent any other persons or entities (including any other defendants, third-party defendants, responsible third parties, or settling tortfeasors sued or who could have been sued in this action) caused or were proportionately responsible for any of the damages alleged in this action, then State Farm and Mr. Rodriguez are entitled to credit or contribution from such other persons or entities in the unlikely event of any recovery by Plaintiff of any alleged damages in this action. Defendant therefore respectfully asks that the trier of fact determine each such person's or entity's percentage of responsibility for causing or contributing to cause in any way any of the damages as alleged in this action. By doing so, Defendant does not in any way admit any liability but continue to deny the allegations as now or as may be later made against Defendant in this action.

### Twenty-First Defense

90.    Under Texas law, Plaintiff cannot recover consequential damages for breach or repudiation of an insurance policy. See *Standard Fire Insurance Co. v. Fraiman,* 588 S.W.2d 681, 683 (Tex. Civ. App. - Houston [14th Dist.] 1979, writ refd n.r.e.); *Gross v. Connecticut General Life Insurance Co.,* 390 S. W.2d 388, 390 (Tex. Civ. App. - El Paso 1965, no writ); see also *Universe Life Insurance Co. v. Giles,* 950 S.W.2d 48, 60 (Tex. 1997) (Hecht, J., concurring in judgment) (insured's remedy for breach of contract "does not ordinarily include consequential damages") .

### Twenty-Second Defense

91.    In addition, any amount or recovery of actual damages supposedly sustained by Plaintiff on account of any alleged breach of contract is limited to the subject insurance policy's applicable limit or sublimit of coverage, less the pertinent deductible (if any and if not already applied), and with credit being given for any sums paid or that might be paid to Plaintiff as a result of the

insurance claim or claims as reported to State Farm Lloyds.

### Twenty-Third Defense

92.     Plaintiff's causes of action are barred, in whole or in part, and Plaintiff is not entitled to any relief on such causes of action, to the extent Plaintiff failed or neglected to protect the property from further loss or failed or neglected to make reasonable and necessary repairs.

### Twenty-Fourth Defense

93.     Plaintiff's claims are barred, in whole or in part, because Plaintiff failed to satisfy one or more conditions precedent to recovery under the policy of insurance under which Plaintiff purports to be claiming in this action. Among others, Plaintiff failed to satisfy the condition precedent of demonstrating that there is any additional covered damage to Plaintiff's property for which Plaintiff has not already been compensated.

### Twenty-Fifth Defense

94.     Plaintiff's claims are barred, in whole or in part, to the extent that the loss or losses alleged by Plaintiff were not fortuitous.

### Twenty-Sixth Defense

95.     Plaintiff's claims are additionally barred, in whole or in part, to the extent there has been no accidental direct physical loss within the coverage of the insurance policy under which Plaintiff purports to be claiming in this action.

### Twenty-Seventh Defense

96.     Plaintiff is further unable to recover any attorney fees from State Farm Lloyds under Chapter 38 of the Texas Civil Practice and Remedies Code as the statute limits defendants against whom attorney fees may be assessed to "an individual or a corporation." See *Base-Seal, Inc. v. Jefferson County,* 901 S.W.2d 783, 786-787 (Tex. App. - Beaumont 1995, writ denied); see also

TEX. CIV. PRAC. & REM. CODE ANN. § 38.001 (Vernon 2014) (person may recover attorney fees from "individual or corporation"). State Farm Lloyds is not an individual or a corporation; rather, it is "a domestic 'Lloyd's Plan,' an unincorporated association of members, as contemplated by Texas law." See *Massey v. State Farm Lloyds Insurance Co.,* 993 F.Supp. 568, 570 (S.D. Tex. 1998). Attorney fees therefore cannot be assessed against State Farm Lloyds as it is not an "individual or corporation" as required by the statute. See *Fleming & Associates. L.L.P. v. Barton,* 425 S.W.3d 560, 576 (Tex. App. - Houston [14th Dist.] 2014, pet. filed) (citing *Ganz v. Lyons Partnership, L.P.,* 173 F.R.D. 173, 176 [N.D. Tex. 1997]) (section 38.001 limits recovery of attorney fees against "individual or corporation" and does not permit award of attorney fees against limited partnership).

### Twenty-Eighth Defense

97.     Plaintiff's causes of action are barred, in whole or in part, and Plaintiff is not entitled to any relief on Plaintiff's causes of action because some or all of Plaintiff's claims have been fully adjusted and, if applicable, payment made.

### Twenty-Ninth Defense

98.     Plaintiff's claims are barred, in whole or in part, to the extent that granting the relief alleged by Plaintiff would result in unjust enrichment.

### Thirtieth Defense

99.     Plaintiff's claims are barred, in whole or in part, to the extent that Plaintiff's alleged damages or losses were caused or aggravated by the actions or inactions of Plaintiff, persons acting on Plaintiff's behalf, or third parties for whom Defendants are not legally responsible.

### Thirty-First Defense

100.     Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff brought this action

without complying with the provisions of the policy under which Plaintiff purports to be claiming in this action, including the "Your Duties After Loss" and "Suit Against Us" sections of such policy.

### Thirty-Second Defense

101.    Plaintiff is not entitled to recover any alleged damages for emotional distress or mental anguish for the mere denial of an insurance claim. See *Transportation Insurance Co. v. Moriel,* 819 S.W.2d 10, 17 (Tex. 1994); accord *Avila v. State Farm Fire & Casualty Co.,* 147 F.Supp.2d 570, 579-580 (W.D. Tex. 1999) (citing *Latham v. Castillo,* 972 S.W.2d 66, 70 [Tex. 1998]).

### Thirty-Third Defense

102.    Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff alleges or otherwise seeks to invoke the doctrines of waiver or estoppel in this action. The doctrines of waiver and estoppel cannot be used to change, re-write or otherwise enlarge the risks covered by an insurance policy, and may not be used to establish coverage for risks expressly excluded from the insurance policy. See, e.g., *Minnesota Mutual Life Insurance Co. v. Morse,* 487 S.W.2d 317, 319 (Tex. 1972); *Washington National Insurance Co. v. Craddock,* 130 Tex. 251, 254-255, 109 S.W.2d 165, 166-167 (1937); *Great American Reserve Insurance Co.* v. *Mitchell,* 335 S.W.2d 707, 708 (Tex. Civ. App. - San Antonio 1960, writ ref'd n.r.e.).

### Thirty-Fourth Defense

103.    Defendant is entitled to an offset or credit for any and all sums paid or that might be paid to Plaintiff as a result of the insurance claim alleged by Plaintiff in the Complaint in this action.

### Thirty-Fifth Defense

104.    In the alternative, and to the extent, if any, that other persons or entities caused any of the damages supposedly sustained by Plaintiff, then State Farm Lloyds was and is subrogated to

41

Plaintiff's claims against and entitled to reimbursement from all such other persons or entities by virtue of the payment or payments made or to be made by State Farm Lloyds incident to Plaintiff's insurance claim.

### Thirty-Sixth Defense

105.    Defendant adopts by reference each defense not hereinabove alleged, if any, that may be alleged in any pleading filed in this action by any other defendant, third-party defendant, responsible third party, or other party or parties as may now or later be brought into this action.

### DEFENSES ASSERTED IN THE ALTERNATIVE
### AND RESERVATION OF RIGHT TO ASSERT OTHER DEFENSES

106.    Each of the defenses of Defendant is asserted in the alternative.

107.    Defendant hereby gives notice that it intends to rely upon such other defenses as may become available or apparent during the course of discovery and thus reserves the right to amend this pleading to assert such defenses.

### CONCLUSION

108.    For and in consideration of the foregoing, Defendant State Farm Lloyds respectfully prays that Plaintiff take nothing by reason of Plaintiff's Complaint and that Defendant have and recover from Plaintiff the costs incurred by it in connection with this action. In addition, Defendant respectfully requests such other and further relief to which it may be justly entitled.

Respectfully submitted,

**JONES, ANDREWS & ORTIZ, P.C.**

By:  *Ray R. Ortiz*
　　　Ray R. Ortiz
　　　State Bar No. 15324280
　　　Leslie Megin Koch
　　　State Bar No. 00794109
　　　10100 Reunion Place, Suite 600
　　　San Antonio, TX 78216
　　　Tel. (210) 344-3900
　　　Fax (210) 366-4301
　　　ATTORNEYS FOR DEFENDANTS
　　　STATE FARM LLOYDS AND
　　　DAVID RODRIGUEZ

## CERTIFICATE OF SERVICE

I hereby certify that on this 26th day of May, 2016, the foregoing document was served on counsel of record pursuant to the Federal Rules of Civil Procedure, as follows:

René M. Sigman
J. Steve Mostyn
The Mostyn Law Firm
3810 West Alabama Street
Houston, Texas 77027

　　　　　　　　　　　　　　*Ray R. Ortiz*
　　　　　　　　　　　　　　Ray R. Ortiz/Leslie Megin Koch

43