**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**LAREDO DIVISION**

| | | |
|---|---|---|
| **JOSE ERNESTO ELIZONDO,** § | | |
| *Plaintiff,* § | | |
| § | | |
| v. § | **CIVIL ACTION NO. 5:16-CV-00127** | |
| § | | |
| **STATE FARM LLOYDS AND DAVID** § | **JURY DEMAND** | |
| **RODRIGUEZ,** § | | |
| *Defendants.* § | | |

**PLAINTIFF'S MOTION TO ENFORCE SETTLEMENT AND ALLOCATE SETTLEMENT FUNDS, AND MOTION FOR SANCTIONS/COSTS**

TO THE HONORABLE JUDGE OF THIS COURT:

COMES NOW, Joe Ernesto Elizondo ("Plaintiff") and files this, *Plaintiff's Motion to Enforce Settlement and Allocate Settlement Funds, and Motion for Sanctions/Costs* ("Motion to Enforce/Allocate and "Motion for Sanctions/Costs"). Plaintiff respectfully requests this Honorable Court issue an order compelling Defendants State Farm Lloyds ("State Farm") and David Rodriguez ("Rodriguez") (hereinafter collectively referred to as "Defendants") to honor and proceed with the agreed-upon settlement in this case and providing that settlement funds shall be distributed so as to provide for a mortgage allocation that does not exceed twenty-percent (20%) of the total settlement proceeds, and assessing sanctions/costs reimbursing Plaintiff for costs reasonably incurred in order to secure the relief requested herein. In support thereof, Plaintiff would show this Honorable Court as follows:

## SUMMARY OF THE ARGUMENT

1. Plaintiff's Motion to Enforce/Allocate concerns an agreed-settlement between Plaintiff and Defendants in this case that, to date, Defendants have declined to honor. Specifically, Defendants have declined to proceed with issuing settlement funds and finalizing the agreed-upon settlement in

Page 1

this case pursuant to Plaintiff's submitted drafting instructions, which provide for a reasonable twenty-percent (20%) mortgage allocation—i.e., of the total settlement funds to be issued to Plaintiff and his mortgage company and the remaining settlement funds to be issued to Plaintiff and his counsel. Based on a reasonable interpretation of the terms and conditions contained in Defendants' offer of settlement to Plaintiff, as well as the prior, established course of dealings between Plaintiff's counsel and State Farm, Plaintiff's accepted Defendants' settlement offer with the reasonable expectation that State Farm agreed to a standard twenty-percent (20%) mortgage allocation.

2. Absent specific extenuating circumstances in certain cases, which were very few and far in between, the established course of dealings and conduct has always been that settlements between State Farm and Plaintiff's counsel, Mostyn Law, are contingent on a standard twenty-percent (20%) mortgage allocation **if** the plaintiff(s) have an outstanding mortgage on the insured property. This has been the established course of dealings for State Farm and Plaintiff's counsel throughout the settlement of multiple hail storm cases, not to mention hundreds—if not thousands—of Hurricane Ike cases.

3. Accordingly, upon acceptance of Defendants' written offers of settlement, Plaintiff and his counsel proceeded with the settlement process based on Mostyn Law's prior, consistent course of dealings with State Farm. This offer **did not** expressly provide that any particular percentage of settlement funds be allocated to protect the mortgage company/lienholder. Despite the clear precedent and established course of dealings between Plaintiff's counsel and State Farm, Defendants now contend that they dispute the amount of settlement funds Plaintiff has requested be allocated to Plaintiff and his mortgage company. Specifically, Defendants are unjustifiably and unreasonably insisting on a mortgage allocation of approximately forty-three percent (43%).

4.     First, Plaintiff accepted Defendants' offer of settlement with the reasonable belief that State Farm: (1) would not deviate from their prior course of dealings with Plaintiff's counsel; and (2) absent specific and certain extenuating circumstances, agreed that a twenty-percent (20%) mortgage allocation would adequately protect Plaintiff's mortgage company/lienholder.  Secondly, Defendants do not have any bases in law or fact for attempting to require a different and/or higher mortgage allocation in order to finalize this settlement.  Thirdly, Defendants' abusive conduct and dilatory tactics have created the necessity for Plaintiff to seek the relief requested herein.  For these reasons and more, Plaintiff's Motion to Enforce/Allocate and Motion for Sanctions/Costs should be granted.

## BACKGROUND FACTS

5.     On May 27, 2016, Defendants sent a Chapter 541 Offer of Settlement, which Plaintiff timely accepted on June 13, 2016 resulting in a settlement agreement based on the prior course of dealings between Plaintiff's counsel and State Farm.[1]  **Defendants' Chapter 541 settlement offer did not contain any terms expressly conditioning the offer of settlement on particular mortgage allocation or a minimum percentage of settlement funds to be allocated to protect the mortgage company/lienholder**.[2]

6.     After Plaintiff accepted Defendants' offer, Plaintiff promptly sent drafting instructions to Defendants based on the prior course of dealings with State Farm and its counsel.[3]  Specifically,

---

[1] Due to the confidential nature of the documents and correspondences reflecting the parties' confidential settlement negotiations and offers of compromise settlement in these cases, Plaintiff is not attaching or filing copies of these correspondences or documents; however, Plaintiff will submit these documents and materials to the Court for review at the hearing on Plaintiff's Motion to Enforce/Allocate; further, with Defendants' consent and/or the Court's permission, Plaintiff will file a Supplemental Motion **under seal** and attach these correspondences/documents as exhibits in support of Plaintiff's Motion to Enforce/Allocate.
[2] *Id*.
[3] *Id.*

Plaintiff submitted drafting instructions requesting that twenty (20%) of the settlement funds be issued to Plaintiff and his mortgage company.[4]

7. However, after Plaintiff accepted Defendants' offer of settlement and submitted drafting instructions, Defendants notified Plaintiff that they would require a mortgage allocation well in excess of the established twenty-percent (20%) mortgage allocation that had been established by the parties' prior course of dealings. Instead, Defendants insisted on a mortgage allocation of approximately forty-three percent (43%) in order to finalize settlement of Plaintiff's case.[5]

8. As such, Plaintiff now files this Motion to Enforce/Allocate and respectfully request this Honorable Court to enforce the parties' settlement agreement and to issue an order allowing for the reasonable and justified allocation of settlement funds whereby no more than twenty-percent (20%) of the total settlement proceeds in Plaintiff's case are allocated for protection of the mortgagor/lienholder. Defendant State Farm's abusive conduct in deviating from the prior, established coursed of dealings in settling this case is a dilatory tactic meant to harass Plaintiff and delay final settlement of this matter. Further forcing Plaintiff's counsel to incur travel costs and other costs in attending this hearing merits Defendant State Farm being ordered to pay costs reflecting said expenditures.

## ARGUMENT & AUTHORITIES

9. Defendants refusal to proceed with finalizing settlement of Plaintiff's case and to issue settlement funds based on the parties' established, prior course of dealings, is unreasonable, unjustified and without any basis as Defendants have not cited any specific or extenuating circumstances (such as foreclosure or small outstanding mortgage balance, etc.) in this case

---

[4] *Id*.
[5] *Id.*

warranting deviation from the standard twenty-percent (20%) mortgage allocation or demonstrating the need for a higher mortgage allocation.

10.     "[A]lthough federal courts possess the inherent power to enforce agreements entered into in settlement of litigation, the construction and enforcement of settlement agreements is governed by principles of state law applicable to contracts generally."[6] Federal Rule of Civil Procedure 1 recognizes the public policy favoring the just and speedy resolution of disputes.[7] Moreover, a prior course of dealing between parties can imply a meeting of minds so as to form a contract.[8]

11.     Importantly, two (2) district courts in Webb County have granted identical motions to enforce/allocate in similar disputes between Plaintiff's counsel and State Farm.  Specifically, on February 16, 2016 the Honorable Beckie Palomo of the 341st District Court granted an identical motion to enforce/allocate a settlement agreement between State Farm and Plaintiff's counsel in a similar dispute.[9] The Honorable Oscar Hale also granted an identical motion on October 14, 2015 in Cause No. 2015-CVF-001309 D4; *Victor Gomes and Adriana Cantu v. State Farm Lloyds and Curtis Rasmussen*; in the 406th District Court.

12.     Moreover, in four (4) first-party hail storm cases against State Farm pending in Hidalgo County, plaintiffs represented by Plaintiff's counsel, Mostyn Law, filed substantially similar motions to enforce/allocate in each of their respective cases when following the parties reaching agreed-settlements in each of their cases, plaintiffs were confronted with the same issue concerning the appropriate mortgage allocation that Plaintiff has been confronted with here.

---

[6] *Lockette v. Greyhound Lines, Inc.* (5th Cir. 1987) 817 F.2d 1182 (citing *Lee v. Hunt*, 631 F.2d 1171, 1173-74 (5th Cir. Unit A 1980))
[7] Fed. R. Civ. P. 1.
[8] *Gray v. Kirkland*, 550 S.W.2d 410, 412 (Tex. Civ. App.—Corpus Christi 1977, writ ref'd n.r.e.) (citing *Haws & Garrett General Contractors, Inc. v. Gorbett Brothers Welding Co.*, 480 S.W.2d 607 (Tex. 1972)).
[9] *See* Plaintiff's "Exhibit A," attached hereto and incorporated herein.

Importantly, following an oral hearing on plaintiffs' motions to enforce/allocate before the Honorable Rose Guerra Reyna of the 206th District Court of Hidalgo County (the district court appointed to handle all pretrial matters in all non-MDL and MDL Hidalgo hail storm cases against State Farm arising out of the March 29, 2012 and/or April 20, 2012 hail storms in Hidalgo County), by order(s) dated September 24, 2015, Judge Reyna granted plaintiffs' motions to enforce/allocate in all four cases.[10] Furthermore, courts in Potter County and Randall County have granted similar motions to enforce/allocate.[11]

13.  As demonstrated in plaintiffs' motions to enforce/allocate in the Hidalgo County cases and Webb County cases, Plaintiff's counsel and State Farm have an established, prior course of dealings for the settlement of hundreds of first-party insurance claim dispute cases arising out of Hurricane Ike, Hurricane Dolly, the Hidalgo County hail storms, and other miscellaneous hail storms and/or windstorms throughout the State of Texas.  In all of these previous settlements, with the exception of a handful of specific cases where extenuating circumstances existed so as to justify negotiation of a mortgage allocation greater than or less than twenty-percent (20%), State Farm and Plaintiff's counsel have consistently and repeatedly finalized settlement agreements under the presumption that the settlement agreement between State Farm and Mostyn Law's clients with outstanding mortgages will entail State Farm's issuance of settlement funds to provide for a twenty-percent (20%) mortgage allocation.

14.  Furthermore, here, like in the four (4) Hidalgo County cases, two (2) Webb County cases, the Potter County case, and Randall County case.  Defendants did not condition the acceptance of their offer of settlement on any particular mortgage allocation, nor did any of Defendants' correspondence regarding offers or counter-offers of settlement include any specific terms

---

[10] *See* Plaintiff's "Exhibit B," attached hereto and incorporated herein.
[11] *See* Plaintiff's "Exhibit C," attached hereto and incorporated herein.

regarding the minimum amount of the settlement proceeds that must be allocated to protect the lienholder(s) in Plaintiff's case.  **As such, when accepting Defendants' offer of settlements, based on the terms of Defendants' written offers of settlements and the prior, established course of dealings between State Farm and Plaintiff's counsel, <u>Plaintiff reasonably believed that her settlement would not be subject to any mortgage allocation in excess of twenty-percent (20%).</u>**

15. Despite the clear precedent and established course of dealings between Plaintiff's counsel and State Farm, here, Defendants still refuse to honor and proceed with final settlement of Plaintiff's suit if Plaintiff does not concede to a higher mortgage allocation.  Specifically, Defendants are unjustifiably and unreasonably insisting on a mortgage allocation of approximately forty-one percent (41%) and deviating from Plaintiff's counsel's and State Farm's prior course of dealing despite the absences of any exceptional, specific, or extenuating circumstances or facts.

16. The prior course of dealings between State Farm, Plaintiff's counsel, and Defendants' counsel demonstrates a meeting of the minds and implied agreement that Plaintiff's acceptance of a settlement offer from State Farm, individually, and/or State Farm and its co-defendants represented by the same counsel, contemplates issuance of settlement funds pursuant to a standard twenty-percent (20%) mortgage allocation.  As such, Plaintiff's Motion to Enforce/Allocate should be granted.

17. In light of the lengths Plaintiff has been forced to go through in order to secure the enforcement of the agreed upon settlement, as well as, Defendant's harassing conduct and dilatory tactic in their blatant disregard for the prior established course of dealings between the parties, Plaintiff herein seeks sanctions against Defendants and/or their counsel.  Plaintiff requests that this Court impose sanctions against Defendants and/or their counsel which this Court deems just and

proper. Specifically, Plaintiff requests that this Court impose sanctions related to attorneys' fees, reasonable expenses, court costs, and travel expenses for which Plaintiff incurred in order to secure the relief requested herein, and prompted by Defendants' abusive conduct and dilatory tactics.[12] Should the Court award sanctions, counsel for Plaintiff will provide sufficient evidence of the time and expense incurred in obtaining this relief.

## CONCLUSION

18. Plaintiff's Motion to Enforce Settlements and Allocate Settlement Funds should be granted. State Farm and Plaintiff's counsel's established, prior course of dealings compels a finding that an implied agreement—ancillary to the parties' valid settlement agreement—provides for allocation of no more than twenty-percent (20%) of the total settlement proceeds to be issued to Plaintiff and his respective mortgage companies in the event that Plaintiff has an outstanding mortgage on the insured property exists here. Further, there are no specific, particular or extenuating circumstances warranting deviation from the parties' prior course of dealings nor is there factual bases for requiring a higher mortgage allocation in Plaintiff's case here. Finally, Defendants' Rule Chapter 541 settlement offer did not contain any terms expressly conditioning the offer of settlement on a particular mortgage allocation or a minimum percentage of settlement funds to be allocated to protect the mortgage company/lienholder.

19. As such, Plaintiff respectfully requests this Honorable Court to issue an order: (1) compelling Defendants to honor and proceed with finalization of the agreed-upon settlements in Plaintiff's case without delay; and (2) holding that said settlement shall be executed in a manner so that no more than twenty-percent (20%) of the total settlement proceeds are allocated to Plaintiff and their mortgage company and/or for the protection of any purported lienholder. Plaintiff further

---

[12] *See* 28 U.S.C. §1927; *FDIC v. Conner,* 20 F.3d 1376, 1384 (5th Cir. 1994).

requests this Court impose sanctions against Defendants and/or their counsel related to attorneys' fees, reasonable expenses, court costs, and travel expenses for which Plaintiff incurred in order to secure the relief requested herein.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays this Court grant *Plaintiff's Motion to Enforce Settlement and Allocate Settlement Funds, and Motion for Sanctions/Costs.* Plaintiff also requests any other and further relief, at law or in equity, to which Plaintiff may show himself justly entitled.

Respectfully submitted,

**MOSTYN LAW**

 /s/ René M. Sigman
René M. Sigman
State Bar No. 24037492
rmsdocketefile@mostynlaw.com
3810 W. Alabama Street
Houston, TX 77027
(713) 714-0000 (Office)
(713) 714-1111 (Facsimile)

**ATTORNEY-IN-CHARGE FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

    I hereby certify that a true and correct copy of the foregoing instrument has been forwarded to all counsel of record on this 27th day of June, 2016, in accordance with the Texas Rules of Civil Procedure.

                                        */s/ René M. Sigman*
                                        René M. Sigman

## CERTIFICATE OF CONFERENCE

    Counsel for movant and counsel for respondent have personally conducted a conference at which there was a substantive discussion of every item presented to the court in this motion and despite best efforts the counsel have not been able to resolve those matters presented.

    Certified to on the 27th day of June, 2016 by J. Ryan Fowler.

                                        */s/ J. Ryan Fowler*
                                        J. Ryan Fowler