UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| **ERNESTO ELIZONDO,** | § § § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 5:16-CV-127 |
| | § § | |
| **STATE FARM LLOYDS,** *et al.*, | § § | |
| Defendants. | § | |

## MEMORANDUM & ORDER

This is an insurance-coverage dispute arising from property damage to the home of Plaintiff Ernesto Elizondo following a storm in May of 2014. (Dkt. 1, Attach. 3 at 7.) State Farm made a settlement offer to Plaintiff pursuant to section 541.156 of the Texas Insurance Code, which included a proposed settlement amount for Plaintiff's damages and a separate amount for Plaintiff's attorney's fees. (Dkt. 9 at 3.) However, after Plaintiff accepted the settlement offer (*id.* at 4), the parties entered into a dispute over how the funds should be allocated between Plaintiff, his attorneys, and his mortgage company (*id.* at 8-9). Plaintiff requested a twenty percent allocation to the mortgage company while Defendant contends that a roughly forty-three percent allocation to the mortgage company would protect the mortgage company's interests. (Dkt. 6 at 4; Dkt. 7 at 6; *see also* Dkt. 9 at 8-9.)

Pending now is Plaintiff's motion to enforce the parties' settlement agreement. (Dkt. 6.) Thereby, Plaintiff contends that the parties' "established course of dealings and conduct" included a term that was not part of the parties' express contract; specifically, Plaintiff argues that "State Farm and Plaintiff's counsel have consistently and repeatedly finalized settlement agreements under the presumption" that a twenty percent mortgage allocation would apply. (*Id.* at 6-7.) Alternatively, Plaintiff contends that "[t]he prior course of dealings between State Farm,

Plaintiff's counsel, and Defendants' counsel demonstrates a meeting of the minds and implied agreement" that there would be a twenty percent mortgage allocation. (*Id.* at 7.) Defendant, on the other hand, contends that (1) there "is by no means a globally applicable or 'standard' allocation," and (2) there is no prior course of dealings of a twenty percent mortgage allocation between the parties based on numerous settlement agreements in which the mortgage allocation was different than twenty percent. (Dkt. 7 at 4.) Furthermore, Defendant contends that the facts of this particular case do not justify a twenty percent allocation that would protect the mortgage company's interests.[1] (*Id.* at 4-5.) To be clear, however, the parties do not dispute that there is a valid, enforceable written contract; they merely dispute its terms.[2]

The Court, having considered the applicable law, concludes that the settlement agreement should be enforced as written.

## Discussion

Federal courts possess "the inherent power to enforce settlement agreements entered into by the parties [ ] in a pending case . . . ."[3] *White Farm Equip. Co. v. Kupcho*, 792 F.2d 526, 529

---

[1] As a separate matter, Defendant contends that if the Court were to enforce any allocation, it should join the mortgage company in order to ensure "just adjudication." (Dkt. 7 at 3.) However, Defendant does not state why it has not filed a separate motion to join a supposed required party, or why it settled a case despite not having joined a party it deems essential. Pursuant to Rule 19(b) of the Federal Rules of Civil Procedure, the Court concludes that enforcing the settlement agreement in this case would not harm the mortgage company's interests because it could seek to protect those interests, if any, in the settlement funds through the filing of a separate suit against either Plaintiff or Defendant.

[2] Indeed, Section 541.157 of the Texas Insurance Code provides that a settlement offer "must include an offer to pay the following amounts, separately stated: (1) an amount of money . . . as settlement of the claim for damages; and (2) an amount of money to compensate . . . the claimant's reasonable and necessary attorney's fees incurred as of the date of the offer." Tex. Ins. Code § 541.157(1)-(2). The settlement offer here includes these essential terms. (Dkt. 9 at 3.)

[3] The Court notes that it only has the jurisdiction to enforce this settlement agreement because Plaintiff seeks its enforcement while the case is still *pending*. *See Langley v. Jackson*

(5th Cir. 1986). The terms of the agreement, however, are "determined by reference to state substantive law . . . ." *Id.* Texas courts have long held that "a custom, in order to constitute an element of contract, must (1) be either shown to have been known personally to the parties to the contract, or (2) to have been so general and universal that the parties are charged with knowledge of its existence to such an extent as to raise a presumption that they dealt with reference to it." *Randle v. Sanders*, 2016 WL 7321298, at *4 (Tex. App. Dec. 14, 2016). "[T]o establish custom and usage of trade there must be evidence that the custom was generally known, or had been established for a sufficient length of time to become generally known, and that it was known to all parties to the contract or that the parties had contracted with reference to it." *Tex. Gas Expl. Corp. v. Broughton Offshore Ltd. II*, 790 S.W.2d 781, 785 (Tex. App. 1990). "However, 'custom or usage of trade cannot vary, control impair, restrict[,] or enlarge the express language of the contract.'" *Randle*, 2016 WL 7321298, at *4. Furthermore, "usage or custom cannot create or bring a contract into being where without it no contract exists." *Id.* (internal quotation marks omitted). More precisely, and despite Plaintiff's claims to the contrary, "no Texas case establishes that a contract can be based solely on a prior course of dealings."[4] *Id.*

As an initial matter, Plaintiff has not provided any evidence of industry custom in insurance litigation that provides for a twenty percent allocation to the mortgage company. Thus the Court need only consider whether there is evidence of a course of dealing between the

---

*State Univ.*, 14 F.3d 1070, 1074-75 (5th Cir. 1994). If the parties had, say, filed a stipulation of dismissal under Rule 41(a)(1)(A)(ii), then the Court would not have had jurisdiction to enforce the parties settlement agreement unless (1) certain requirements for the retention of jurisdiction are met, such as the district court's express indication in the dismissal order of its intent to retain jurisdiction; or (2) the stipulation's effectiveness is made contingent upon a future act, such as the district court's issuance of an order retaining jurisdiction. *See SmallBizPros, Inc. v. MacDonald*, 618 F.3d 458, 462-64 (5th Cir. 2010).

[4] As such, the Court concludes that there are not two contracts at play here, an oral and written contract; rather, the Court need only construe the terms of the written contract.

parties. Otherwise, Plaintiff's counsel argues that his personal course of dealings with State Farm and State Farm's instant counsel should supply the implied term of a twenty percent mortgage allocation. However, the relevant course of dealing is between *the parties to the contract*; in other words, what is relevant here is whether Plaintiff, not his attorney, and State Farm, not its attorney, have a personal course of dealing as to a twenty percent mortgage allocation. Plaintiff has not provided any evidence that the parties to the contract personally engaged with such a course of dealing. Moreover, even if the Court were to assume that the parties had an established course of dealing that provided for a twenty percent allocation to the mortgage company, to incorporate that term into the contract would vary the terms of the express contract. Specifically, Plaintiff would receive less than the agreed upon amount by the mere fact that a portion of the settlement would be allocated to a third-party that is not a party to this suit.

## Conclusion

For the reasons discussed above, Plaintiff's motion to enforce the parties' settlement agreement (Dkt. 6) is hereby GRANTED.[5] Defendant is accordingly ORDERED to pay Plaintiff the agreed upon settlement in the amount specified in their settlement agreement. (*See* Dkt. 9 at 3-4.) "When the case between the parties has been settled, there is no actual matter in controversy essential to the decision of the particular case before it." *Gould v. Control Laser Corp.*, 866 F.2d 1391, (Fed. Cir. 1989); *see also Exigent Tech., Inc. v. Atrana Sols., Inc.*, 442 F.3d 1301, 1312 (Fed. Cir. 2006). Accordingly, this case is hereby rendered MOOT. As such, the Clerk of Court is DIRECTED to TERMINATE this case.

---

[5] Plaintiff also requests sanctions under 28 U.S.C. § 1927, which provides for the awarding of attorney's fees incurred by an attorney's conduct that "multiples the proceedings in any case unreasonably and vexatiously." The Court, in its discretion, declines to award such fees in this case because the record demonstrates a *bona fide* dispute as to the allocation of the settlement to the mortgage company. *See Thomas v. Capital Sec. Servs., Inc.*, 812 F.2d 984, 990 (5th Cir. 1987).

IT IS SO ORDERED.

SIGNED this 24th day of February, 2017.

_____
Diana Saldaña
United States District Judge